Nov. Term, 1837.

THE STATE
v.
ABRAMS.

*J. Pitcher*, for the plaintiff.

---

THE STATE, on the Relation, &c., v. ABRAMS.

4b 440|
138 __ 13|

Sureties of the peace were obtained before a justice, but the Circuit Court refused to continue the defendant under recognisance. *Held*, that the complainant was not liable for costs.

*Wednesday, December 13.*

APPEAL from the *Fayette* Circuit Court.

SULLIVAN, J.—*William Lair*, the complainant in this case, prayed surety of the peace against *Abrams*, on complaint made before a justice of the peace. The justice required the defendant to enter into recognisance to appear at the next Circuit Court, and in the mean time to keep the peace, &c. The Circuit Court, at the hearing, refused to continue the defendant under recognisance, and ordered him to be discharged, and further ordered the complainant to pay the costs that had accrued in the Circuit Court. From that judgment, the complainant appealed to this Court.

The only error assigned is, that a complainant in a case of this kind is not liable for costs, and that the Court erred in giving judgment against him for the costs in the Circuit Court.

The right of a party to receive costs, and his liability to pay them, are regulated entirely by statute. At common law, no costs were recoverable by the plaintiff or defendant. By the statute of 6 Ed. I, costs were directed to be taxed in favour of

the plaintiff in certain cases, and, since that time, various sta-. tutes have been passed prescribing and defining the cases in which they shall be awarded. There are still cases where costs are not taxable in *England*, because the statute authorising the proceeding does not give costs. Therefore, in award- ing costs, the true question is, whether, as no costs were re- coverable at common law, there is any statute that expressly or impliedly gives authority to award them?

In *England*, it is a general principle that the king neither. pays nor receives costs in any case; and when a prosecuting witness is required to pay costs, as he sometimes is, it is be-. cause of some statutory provision.

The case before us is a prosecution in the name of the state, to compel the defendant to keep the peace. The complainant is the witness on the part of the state. The object of the pro- ceeding is to require the defendant to give full assurance to the public, that he will not commit the offence which it is apprehended he intends to commit. The tendency of it is to prevent the commission of crime, and preserve the peace of society; and the cognisance of it belongs appropri- ately to the criminal side of the Court. We have no statute which makes the state, or a prosecuting witness, liable for costs. The statutes cited by the defendant's counsel, (R. C. 1831, p. 402, sec. 14. Stat. 1833, p. 113, sec. 6,) do not apply to cases of this kind. By these statutes, relators who use the name of the state in prosecuting civil suits for their individual benefit, shall, if they fail to succeed in their suits, be liable for the costs. In cases such as the one before us, the witness prosecutes as well for the public as for himself, and therefore it is, we may suppose, that the legislature has not thought proper to make him liable for costs. Litt. Sel. Cas. 107.

We therefore think the Court erred in awarding costs against the complainant; and the judgment as to the costs must be reversed.

*Per Curiam.*—The judgment as to the costs is reversed, and as to the residue affirmed. To be certified, &c.

*C. B. Smith* and *S. W. Parker*, for the appellant.
*C. H. Test* and *J. Perry*, for the appellee.