## Ex Parte Lawler.

HABEAS CORPUS.—Petition for a writ of *habeas corpus*. The petition alleged that the petitioner was imprisoned and held in custody by the sheriff in the jail of the county, for an alleged contempt in disobeying an order of the court directing him to pay certain moneys; that in fact said imprisonment is not by virtue of any writ or order of the court authorizing the same, &c.

*Held*, that the petitioner was entitled to the benefit of the writ.

APPEAL from the *Jefferson* Circuit Court.

ELLIOTT, J.—*Lawler*, the appellant, filed a complaint in the *Jefferson* Circuit Court for a writ of *habeas corpus*. It was signed and verified by him, and alleges "that on the 14th day of *June*, 1867, he was, without his consent and against his will, placed in the jail of said *Jefferson* county, and from thence to the present time has been confined continually therein, and restrained of his liberty, and that he still is so confined therein against his will, and restrained

of his liberty, without right, by one *Abner L. Shanon*; that the cause or pretense of affiant's detention in said jail by said *Shanon*, as aforesaid, as he is informed and believes, was and is, for an alleged contempt in disobeying an order of the Court of Common Pleas of said county, alleged to have been made on the 14th day of *June*, 1867, aforesaid, whereby affiant was adjudged to pay to one *Harriet M. Hamel*, the sum of four hundred dollars, at the following times, after the rendition of said order, to-wit: Fifty dollars in ninety days thereafter; fifty dollars in six months thereafter; fifty dollars in twelve months thereafter; fifty dollars in two years thereafter; one hundred dollars in three years thereafter, and the remaining one hundred dollars in four years thereafter; that the said *Shanon*, as the sheriff and jailor of said county, has the custody of the jail and the persons confined therein, and as such sheriff and custodian of said jail claims to hold and detain affiant therein, as aforesaid, by virtue of said order, as affiant believes, for said alleged contempt in failing to comply with said order of said court; that said restraint by said *Shanon* is illegal, in this: 1. That no order of arrest or restraint was issued against the person of affiant by said court, for said alleged contempt, whereby said *Shanon* or other person was or is legally authorized so to restrain affiant of his liberty, as aforesaid. 2. That said *Shanon* has no legal process or order of any kind, nor was any issued, whereby he is legally authorized to so restrain affiant, as aforesaid, of his liberty. 3. That at the time affiant was so restrained of his liberty, as aforesaid, there was no part of said money, so adjudged to be by him paid to said *Harriet M. Hamel*, due, or to be paid. 4. That affiant was not, at the rendition of said order, nor is he now, in contempt of said court, in failing to comply with said order entered therein, because he says, that at the time said order was so made, he was and still is but a young man, wholly without any property, either real or personal, and wholly dependent upon his labor, from day to day, with his hands,

for his maintenance and support, nor had he then, nor has he now, any moneys, rights, credits or effects, in his possession or under his control, or in the possession or under the control of any other person for his use, nor has he, at any time, either directly or indirectly, transferred or concealed any property or thing of value, or rights, credits, moneys or effects, with intent to delay or defraud any of his creditors, or to prevent or hinder the payment or collection of said sum so adjudged to be paid to said *Harriet M. Hamel;* that he has no friends or relatives who are able or willing to replevy said judgment; that he has, in good faith, made every effort in his power to procure replevin bail, and to comply fully with said order of said court, but has wholly failed, as aforesaid, and by reason of his restraint in jail, he is wholly unable to pay the same by any accumulation of means by his labor, as he might and would do if given his liberty." Prayer, that a writ of *habeas corpus* be issued, directed to said *Shanon,* &c., and upon the final hearing that he be discharged, &c. The court refused to grant the writ, to which *Lawler* excepted, and appeals to this court.

We think the facts stated in the complaint are sufficient, under the statute, to require the court to grant the writ, and hence that the court erred in refusing it. The complaint alleges that *Lawler* is illegally restrained of his liberty, and imprisoned in the jail of the county by the sheriff thereof. It states that he is so imprisoned and held by the sheriff for an alleged contempt, in disobeying an order of the Court of Common Pleas, requiring him to pay *Harriet M. Hamel* certain sums of money, but it denies that said imprisonment is by virtue of any writ or order of said court authorizing the same.

If these facts be true, the imprisonment is illegal, and the party is entitled to the writ for his discharge. It is the province of the court, and not of the sheriff, to adjudge a party guilty of a contempt and punish him therefor. The court should have awarded the writ. The return of the sheriff

thereto would bring before the court, in a proper form, the cause of the imprisonment and detention, and upon the final hearing, the court could determine whether the imprisonment was legal or illegal.   If legal, the party should be remanded to prison; if otherwise, he should be discharged.

It is impossible for us to determine, from the facts stated in the complaint, whether the insolvency of *Lawler* and his total inability to pay or secure the money ordered by the court to be paid would constitute a reason for his discharge. There are cases in which, by express provision of the statute, imprisonment, until the money required to be paid is so paid or replevied, forms a part of the judgment of the court, and in which the inability of the party to comply with the order would not entitle him to a discharge.   But here the complaint does not state the nature of the suit or proceeding in which the order was made, and we do not, therefore, decide anything in reference to it.

The order of the court dismissing the complaint is reversed, and the cause remanded, with instructions to the Circuit Court to grant the writ of *habeas corpus*.

*E. R. Wilson*, for appellant.