THE STATE v. CAREY.

SURETY OF PEACE.—*Circuit Court.*—*Criminal Circuit Court.*— *Where De-
fendant should be Recognized to Appear.*—*Jurisdiction.*—Where, in a pro-
ceeding before a justice of the peace to obtain surety of the peace, the jus-
tice finds against the defendant, the latter should be recognized to appear
in the criminal circuit court of such county, if there be such a court there-
in ; otherwise in the civil circuit court.

SAME.—*Relator.*—*Parties.*—A proceeding to obtain surety of the peace
should be instituted in the name of the State, without any relator.

From the Allen Criminal Circuit Court.

*T. W. Woollen*, Attorney General, and *S. M. Hench*, for
the State.

HOWK, J.—On the 20th day of June, 1879, one Francis
J. Barcot filed his affidavit with a justice of the peace of
Allen county, Indiana, to the effect that he had just cause
to fear, and did fear, that the appellee, David B. Carey,
would injure him personally by violence, and that he made
said affidavit only to secure the protection of the laws,
and not from anger or malice.

Upon this affidavit, the justice issued his warrant
and the appellee was arrested ; and, on his applica-
tion, the venue of the cause was changed to an-
other justice of the peace of said county. Before
this latter justice, the trial of the case resulted in a
judgment, to the effect that the statements in the affidavit
of the prosecuting witness were true, and requiring the
appellee to file his recognizance, in the penal sum of one
hundred dollars, for his appearance at once in the Allen
Criminal Circuit Court.

In the court below the parties appeared, and the court,
of its own motion, dismissed the case from said court, and
ordered the clerk to file the papers in this case in the office
of the clerk of the Allen Civil Circuit Court, with a
request that the case be placed on the docket of that
court, to all of which rulings the State, by its attorney, ex-

cepted. Final judgment, for such dismissal of the case, was then rendered by the court below, from which judgment the State, by its attorney, has appealed to this court.

The State has assigned, as error, the decision of the court below, upon its own motion, dismissing the case from that court, in order that it might be filed and docketed in the Allen Civil Circuit Court. The only question presented for our decision, by the record of this cause and the error assigned thereon, may be thus stated : Which one of the two courts in Allen county, the criminal circuit court or the civil circuit court, has jurisdiction of prosecutions to obtain surety of the peace? Such prosecutions are authorized and governed by the provisions of sections 22 to 30, both inclusive, of "An act prescribing the powers and duties of justices of the peace in state prosecutions," approved May 29th, 1852. In section 24 of said act it was provided that where, as in this case, the justice or jury trying the issue should find that the complaining witness had just grounds to entertain the fears expressed in his affidavit, the justice should require of the defendant recognizance and freehold surety for his appearance on the first day of the next term of the court of common pleas, etc. 2 R. S. 1876, p. 675.

It has been repeatedly decided by this court, and we can not well see how it could be decided otherwise, that prosecutions to obtain surety of the peace were criminal prosecutions. *The State* v. *Abrams*, 4 Blackf. 440 ; *The State* v. *Maners*, 16 Ind. 175 ; *Murray* v. *The State*, 26 Ind. 141 ; *The State* v. *Vankirk*, 27 Ind. 121 ; *Deloohery* v. *The State*, 27 Ind. 521 ; and *Fisher* v. *Hamilton*, 49 Ind. 341. Under the provisions of an act approved March 11th, 1867, the county of Allen was created into and thereafter constituted the Twentieth Judicial Circuit, in which there was thereby established a criminal court. 1 R. S. 1876, p. 393. By the 5th section of said act, as we construe its provisions,

the Allen Criminal Circuit Court was thereby clothed with complete and exclusive jurisdiction of all such criminal actions, as either the Allen Civil Circuit Court or the Court of Common Pleas of Allen county had then or thereafter might have acquired jurisdiction, if such criminal court had not been created by the passage of said act, under and by virtue of the statutes of this State then in force. 1 R. S. 1876, p. 394.

It seems to us, therefore, that, after the Allen Criminal Circuit Court was so created and established, and clothed by law with the jurisdiction which the Court of Common Pleas of Allen county then had of and over criminal prosecutions, it became and was, and ever since has been, the duty of the justices of the peace of said county, in all prosecutions to obtain surety of the peace before such justices, where, as in this case, the justice or jury trying the case should find that the complaining witness had just grounds to entertain the fears expressed in his affidavit, to require of the defendant recognizance and freehold surety for his appearance in the Allen Criminal Circuit Court, as was done in this case, instead of in the court of common pleas as provided in the statute. In our opinion, the justice properly required of the appellee, in this case, a recognizance for his appearance in the court below. The cause was properly docketed, and ought to have been tried, in the Allen Criminal Circuit Court, as that court alone was authorized to try such cases, after the passage of the act which created and established such criminal court, and clothed it with the jurisdiction of the court of common pleas over all such criminal actions. We are clearly of the opinion, therefore, that the decision of the court below, of its own motion, in dismissing this cause from that court, was erroneous; for it seems to us, that court had complete jurisdiction, under the statutes of this State, over this cause.

We have no brief from the appellee in this case; but we learn from the brief of the State's attorney, that it was urged below, as a ground for the dismissal of the case, that it was improperly entitled in the name of *The State of Indiana* v. *David B. Carey;* whereas it was claimed that it ought to have been entitled in the name of *The State of Indiana, on the relation of Francis J. Barcot,* v. *David B. Carey.* There is no provision in the statutes of this State which requires that prosecutions to obtain surety of the peace should be entitled in the name of the State, on the relation of the complaining witness; but, if it were otherwise, it seems to us that the defective entitling of the cause would afford no sufficient ground for its dismissal.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to the court below to re-docket the cause in that court for trial, " under the rules governing such trials before justices," as the statute requires.