Farmer *v.* Lewis, Sheriff.

No. 11,329.

FARMER *v.* LEWIS, SHERIFF.

HABEAS CORPUS.—*Scope of Inquiry.*—One under arrest upon a proper warrant, to answer a criminal prosecution pending against him in a court of competent jurisdiction, can not, upon a writ of *habeas corpus*, have an inquiry as to his guilt or innocence, with a view to his discharge.

From the Judge of the Hancock Circuit Court.

*C. G. Offutt, R. A. Black* and *J. A. New,* for appellant.

*G. W. Duncan,* Prosecuting Attorney, for appellee.

HAMMOND, J.—This was an application to the judge of the Hancock. Circuit Court, at chambers, for a writ of *habeas corpus.* An affidavit and information had been filed against the appellant in that court charging him with an unlawful sale of intoxicating liquor without license. A warrant was duly issued by the clerk, by virtue of which the appellee, as the sheriff of that county, arrested the appellant; and this was the custody from which the latter desired to relieve himself by the writ of *habeas corpus.* The judge, on hearing the evidence, declined to discharge the appellant, but remanded him to the custody of the sheriff.

There is no conflict in the evidence, it consisting of an agreed statement of facts. Counsel for the appellant argue, with much force and ability, that the evidence conclusively shows that the appellant was not guilty of the crime charged, and that there was therefore error in refusing his discharge. Under the view we take of the case, it would be improper for us now to express an opinion as to whether the evidence would or would not warrant a conviction.

There is nothing in the appellant's petition, in the officer's return to the writ, or in the evidence, showing, or tending to show, that there was any defect in the affidavit or information, or in the warrant under which the arrest was made; nor was there any showing, or attempt to show, that bail was refused, or that excessive bail was required. The sole

and only object of the application for the writ seems to have been to determine the question of appellant's guilt or innocence. The court in which the criminal charge was made against him has jurisdiction of the offence. His guilt or innocence can be properly determined in that court in the trial of the case upon its merits. We think the employment of the writ of *habeas corpus* in such case is entirely unauthorized.

Section 1119, R. S. 1881, prohibits, in proceedings on this writ, the court or judge from inquiring into the validity of process issued from the circuit court upon an indictment or information.

In speaking of the jurisdiction of courts in granting this writ, Mr. Hurd, in his work on *Habeas Corpus*, says on page 326:

"Where the return shows a detainer under legal process, the only proper points for examination are the existence, validity and present legal force of the process; except where, in commitments for criminal or supposed criminal matters, the court or officer hearing the *habeas corpus* is invested with a revisory or corrective jurisdiction over the court or officer commanding the imprisonment, and with jurisdiction also over the offence or subject-matter of the commitment, in which case the facts constituting the grounds of the commitment may be reviewed."

The jurisdiction above referred to as existing in courts having a revisory or corrective jurisdiction over inferior tribunals, was recognized by this court in *Stewart* v. *Jessup*, 51 Ind. 413 (19 Am. R. 739). In that case the prisoner had been committed by a justice of the peace, for want of bail, to answer in the next term of the circuit court a charge of a felony. On being brought before the circuit court on a writ of *habeas corpus*, the proof was that the alleged crime was committed in another State. It was held that he should have been discharged, as there could be no conviction. But in *Wright* v. *State*, 5 Ind. 290, an indictment was pending against the prisoner for murder. He asked for his discharge, on the ground that under

the facts shown to exist he could not be convicted of the crime charged against him. His discharge was refused by the judge to whom the application was made. On appeal to this court it was decided that there could be no conviction, as the prisoner had been once put in jeopardy by a former trial, which had been arbitrarily terminated by the court, on the supposition that it could not continue, as the time fixed by law for the term of court had expired. But, notwithstanding there could be no conviction, it was held that there was no error in refusing to discharge the prisoner. It was said in that case: "The facts in this case show that the prisoner was in custody, awaiting his trial under an indictment for murder, and we are clearly of opinion that although the discharging of the jury by the circuit court was equivalent to a *verdict* of acquittal, yet as the case was not finally disposed of, and as there was no release of the prisoner by any judgment of the court, he must be regarded as in custody under the indictment." To the same effect, also, are *Wright* v. *State*, 7 Ind. 324, and *Wentworth* v. *Alexander*, 66 Ind. 39.

Judge Cooley, in his work on Constitutional Limitations, at marginal pages 347 and 348, says: "In the great anxiety on the part of our legislatures to make the most ample provision for speedy relief from unlawful confinement, authority to issue the writ of *habeas corpus* has been conferred upon inferior judicial officers, who make use of it sometimes as if it were a writ of error, under which they might correct the errors and irregularities of other judges and courts, whatever their relative jurisdiction and dignity. Any such employment of the writ is an abuse. Where a party who is in confinement under judicial process is brought up on *habeas corpus*, the court or judge before whom he is returned will inquire: 1. Whether the court or officer issuing the process under which he is detained had jurisdiction of the case, and has acted within that jurisdiction in issuing such process. If so, mere irregularities or errors of judgment in the exercise of that jurisdiction must be disregarded on this writ, and must be corrected either

by the court issuing the process, or on regular appellate proceedings.   2. If the process is not void for want of jurisdiction, the further inquiry will be made, whether, by law, the case is bailable, and if so, bail will be taken if the party offers it; otherwise he will be remanded to the proper custody." See, also, *People* v. *McLeod*, 25 Wend. 483; S. C., 37 Am. Dec. 328, and note thereto, commencing at p. 363.

Our conclusion is that the guilt or innocence of a prisoner, with the view to his discharge if innocent, can not be enquired into upon the writ of *habeas corpus*, when he has been committed upon a warrant issued upon an affidavit and information filed against him in the circuit court in a case of which that court has jurisdiction of the subject-matter of the charge. It follows that there was no error in refusing to discharge the appellant.

Affirmed, at appellant's costs.

Filed Dec. 20, 1883.  Petition for a rehearing overruled Jan. 4, 1884.