No. 11,224.

## MILLIGAN v. THE STATE, EX REL. CHILDREN'S HOME OF CINCINNATI, OHIO.

97  355<br>148  385

HABEAS CORPUS.—*Petition.*—*Demurrer.*—*Motion to Quash Writ.*—An application for a writ of *habeas corpus* is not a civil action, and the sufficiency of the complaint or petition can only be questioned by a motion to quash the writ, and not by a demurrer or by the assignment in the Supreme Court, as error, of its want of sufficient facts to constitute a cause of action.

SAME.—*Contract for Custody of Infant.*—*Corporation.*—*Law of Ohio.*—*Construction of Contract.*—The Children's Home of Cincinnati, Ohio, is a corporation organized under the laws of the State of Ohio, and as such it had the lawful charge and custody of an infant, and had power to procure for her a permanent home in a Christian family. By a written agreement, executed at the city of Cincinnati, in the State of Ohio, the Home transferred the care, custody and education of the infant, to the defendant. It is provided in the statutes, under which the Home is incorporated, that its trustees and managers might remove a child from a home, when, in their judgment, the same had become an unsuitable one, and that they should, in such case, resume the same power and authority they originally possessed. In the judgment of the trustees and managers of the Children's Home, the defendant's home had become and was an unsuitable one for the child, and he was not a proper person to have the custody and management of such child, and the Home demanded of the defendant the surrender to it of the custody and control of the child, which was by him refused. *Held*, upon the foregoing facts, that the Children's Home had the right to remove the child from the home of the defendant, and to resume its original power and authority over such child.

From the Delaware Circuit Court.

*C. E. Shipley* and *R. S. Gregory*, for appellant.

HOWK, C. J.—This case is now before this court for the second time. See *Milligan* v. *State, ex rel.*, 86 Ind. 553. It is a proceeding by the appellee's relator to obtain, by writ of *habeas corpus*, the possession and control of one Laura Belle Hutchins, a minor under the age of twenty-one years. When the cause was here before, the order and judgment of the court, awarding the custody of the child to the relator, were re-

versed, upon the ground that in its complaint or petition for the writ, the relator had not " pleaded so much of its charter as was requisite to establish in its favor a *prima facie* right to the custody of the child." The court said: " The right which it" (the relator) " asserts is not a natural one, and can exist only by the force of positive statute; and the statute relied on, being a foreign one, must be pleaded according to its tenor, so as to put it in the power of the court to construe or interpret it." *Tyler* v. *Kent,* 52 Ind. 583.

After the cause was remanded, the relator amended its complaint or petition by setting out the statute of Ohio under which it is incorporated, in conformity with the opinion of this court on the former appeal. Upon the hearing thereafter had, the court found that the facts stated in the complaint or petition were true, and that the relator was entitled to the care, custody and control of the said Laura Belle Hutchins, and the court ordered, adjudged and decreed accordingly.

In this court the appellant has assigned errors as follows:

1. The circuit court erred in overruling his motion to quash the writ of *habeas corpus;*

2. Error of the court in overruling his demurrer to the relator's complaint or petition;

3. Error of the court in sustaining the relator's exceptions to appellant's return to the writ of *habeas corpus;* and,

4. The relator's complaint or petition does not state facts sufficient to constitute a cause of action.

Only the first and third of these alleged errors are properly assigned here, or present any question for our decision. The second and fourth errors proceed upon the erroneous assumption that this is a civil action, and that the sufficiency of a complaint or petition for a writ of *habeas corpus* can be tested below by a demurrer for the want of facts, or by an assignment of its want of sufficient facts in this court. In the recent case of *McGlennan* v. *Margowski,* 90 Ind. 150, it was held that an application for a writ of *habeas corpus* is not a civil action. The court there said: " The party to

whom the writ is directed makes his return or answer, not to the petition or complaint, but to the writ itself. The sufficiency of the writ may be tested before making a return or answer thereto, not by a demurrer, but by a motion to quash the writ. The return or answer to the writ is not the subject of demurrer, but its sufficiency may be tested by exception. Section 1117, R. S. 1881; *Cunningham* v. *Thomas,* 25 Ind. 171."

In *Baker* v. *Gordon,* 23 Ind. 204, this court held that a *habeas corpus* proceeding is not a "civil case," within the meaning of section 20 of the bill of rights, in the State Constitution of 1851, which provides that "In all civil cases, the right of trial by jury shall remain inviolate." Again, in *Garner* v. *Gordon,* 41 Ind. 92, it was held that a proceeding by *habeas corpus* is not a civil action, within the meaning of the sections of the civil code, which authorize a change of venue or a change of judge, in civil causes. And again, in *McGlennan* v. *Margowski, supra,* it was also held that under section 1118, R. S. 1881, a proceeding by *habeas corpus* is to be heard and determined, in a summary way, and that neither the court nor judge can be required, as in a civil action, to make a special finding of the facts or state conclusions of law thereon.

In their brief of this cause, the appellant's learned counsel first direct our attention to the alleged error of the circuit court in overruling the motion to quash the writ of *habeas corpus.* Counsel are correct, we think, in stating that this supposed error presents for our decision the question, whether or not the facts stated in the relator's complaint or petition were sufficient, *prima facie,* to justify or authorize the court or judge to issue a writ of *habeas corpus,* as therein prayed for. The objections pointed out by the appellant's counsel, to the complaint or petition of the relator, seem to us to be purely technical, and such as could not be reached even by a special demurrer or a motion to make more specific. Thus, counsel say : " For instance, by the first section of the law of Ohio

as pleaded (section 2181), it is seen that the law applies only to the case of children's homes and industrial schools, established in cities of the first and second classes; and there is no other statute set out in the complaint showing whether Cincinnati is a city of the first, second, third or any other numbered class." We fail to see the force of this objection to the writ, or to the complaint or petition upon which it was issued.

In its complaint and petition the relator showed that it was a corporation, under the statutes of Ohio, located and doing the business for which it was created at the city of Cincinnati, Ohio; that a part of such business was to receive and take charge of homeless and indigent children, surrendered to the relator by their parents, guardians, etc., and to act as the guardian of such children during their minority, and to procure for them, when deemed proper, permanent homes in Christian families, and to provide for them an English education and Christian and moral training during their minority, etc.; that on the 28th day of May, 1879, Laura Belle Hutchins, then aged about twelve years, was, by her parents, legally surrendered to and placed in charge of the relator, and remained in its charge and possession until the 16th day of September, 1879; that on the day last named the relator, at the request of the appellant, and upon the recommendation that he was a proper person to be entrusted by the relator, and his family and home a proper place for a home for such child during her minority, by an agreement in writing executed by the parties at the city of Cincinnati, in the State of Ohio, transferred the care, custody and education of Laura Belle Hutchins to the appellant, then and since a citizen of Muncie, Indiana, until she should arrive at the age of eighteen years; that the appellant, on his part, agreed to feed, clothe and educate such child, and train her, to the best of his ability, in the precepts of virtue and the Christian religion, so that she might be able to engage creditably in the ordinary business of life; and that, in the statutes under which the relator is incorporated,

.and the agreement and contract between it and the appellant were executed, it was expressly provided as follows: "Sec. 2185. The trustees and managers may remove a child from .a home when, in their judgment, the same has become an unsuitable one, and they shall, in such cases, resume the same power and authority as they originally possessed."

The relator further averred that, in the opinion and judgment of its trustees and managers, the appellant's home had become and was an unsuitable home for the child, Laura Belle Hutchins, and the appellant was not a proper person to have the custody and management of such child, and that accordingly, on the first day of November, 1880, the relator had demanded of the appellant the surrender to it of the custody and control of the child Laura Belle Hutchins, which the appellant then and since refused, in violation of the relator's rights under the statutes aforesaid. Wherefore, etc.

We are of opinion that the facts stated in the relator's complaint or petition made a *prima facie* case in its favor, which authorized the issue of the writ of *habeas corpus* as prayed for, and were abundantly sufficient to withstand the appellant's motion to quash such writ. Having contracted with the relator, as a corporation, for the custody and control of the child, Laura Belle Hutchins, the appellant was estopped from denying the corporate existence of the relator, and its legal right and power to dispose of and control the possession of such child. *Cicero, etc., Co.* v. *Craighead,* 28 Ind. 274; *Indianapolis Sun Co.* v. *Horrell,* 53 Ind. 527; *Mackenzie* v. *Board, etc.,* 72 Ind. 189.

The only right which the appellant had or claimed to have to the custody and control of the child, Laura Belle Hutchins, he acquired under and by force of his written contract with the relator. He was bound to take notice, therefore, not only of the legal rights and powers, but also of the legal duties of the trustees and managers of the relator in transferring to him the care, custody and control of such child, and in placing her in his family and home. He was affected with full notice

of the precise tenure of his possession and control of the child, and that the relator's guardianship of such child did not cease upon the execution of the contract by and between it and him, or upon its delivery of the possession of the child to him. He was bound to know that the trustees and managers of the relator might remove the child from his home when, in their judgment, the same had become an unsuitable home for her, and that, in such case, the law required such trustees and managers to resume their original power and authority over such child. This, we think, is the proper and just construction of the statutes of Ohio, under which the contract was executed by and between the relator and the appellant in relation to the child, Laura Belle Hutchins, as between the parties to this suit. The respective rights of the parties to the custody and control of the child, under their written contracts, are fixed and determined, as it seems to us, by the statutes of the State of Ohio. This view of the case leads us to the conclusion that the court did not err in sustaining the relator's exceptions to the appellant's return or answer to the writ of *habeas corpus*.

We find no error in the record of this cause. The judgment is affirmed with costs.

Filed May 6, 1884. Petition for a rehearing overruled Sept. 25, 1884.