Smelzer *v*. Lockhart *et al.*

Filed Sept. 20, 1884.

---

No. 11,889.

## SMELZER *v*. LOCKHART ET AL.

SURETY OF THE PEACE.—*Record of Justice.—Parol Evidence.*—In a proceeding before a justice of the peace to obtain surety of the peace, the record of the justice of the acts and things done by and before him, in such proceedings, is not conclusive, and may be contradicted by parol evidence.

Smelzer *v.* Lockhart *et al.*

SAME.—*Finding of Justice.*—*Judgment.*—*Habeas Corpus.*—In such a proceeding the action of the justice in requiring the defendant to enter into the recognizance required by section 1610, R. S. 1881, or, in default of such recognizance, in committing him to the county jail until discharged by due course of law, is not a "final judgment of a court of competent jurisdiction," within the meaning of the *second* clause of section 1119, R. S. 1881, which forbids an inquiry into the legality of the judgment or process whereby such defendant is in custody, or his discharge therefrom, under a writ of *habeas corpus.*

SAME.—*Criminal Prosecution.*—*Change of Venue.*—*Bias or Prejudice of Justice.*—A proceeding before a justice to obtain surety of the peace is a criminal prosecution, not for the punishment, but for the prevention of crime; and in such a prosecution, when affidavit is made before the justice by the defendant, that he can not have an impartial trial before such justice on account of his interest, bias or prejudice, at any time before the trial is commenced, and a change of venue is demanded, the justice has no discretion, but it becomes and is his imperative duty to grant such change of venue, and his subsequent proceedings in the case are *coram non judice* and void.

From the Judge of the Gibson Circuit Court, in vacation.

*W. M. Land* and *J. B. Gamble,* for appellant.

*J. E. McCullough* and *J. H. Miller,* for appellees.

HOWK, J.—On the 26th day of July, 1884, the appellant, Deborah A. Smelzer, presented to the Hon. Oscar M. Welborn, judge of the Gibson Circuit Court, in vacation, her verified petition in writing, wherein she alleged that she, a woman, was unlawfully restrained of her liberty and held in the common jail of Gibson county, by the appellees, Lockhart and Chambers, against right and without any lawful authority whatever therefor; and she then set forth the cause or pretence of her restraint, according to the best of her knowledge and belief, and in what the illegality of her restraint consisted, and she prayed for a writ of *habeas corpus,* which was issued accordingly. To this writ the appellees made separate returns, and upon the hearing had the honorable judge of the Gibson Circuit Court found that the appellant's imprisonment was not illegal, and therefore refused to discharge her from the custody of the appellee Chambers, the sheriff of Gibson county.

The questions for our decision are fairly presented, we think, as well for the appellees as for the appellant, by the evidence adduced upon the hearing, and by the ruling of the learned judge ·before whom the hearing was had, in the exclusion of evidence offered by the appellant. It was shown by the appellees, by competent evidence, that on the 21st day of July, 1884, one Lute F. Riley filed with the appellee Lockhart, a justice of the peace of White River township, in Gibson county, his verified complaint in writing, to the effect that he had just cause to fear, and did fear that the appellant, Deborah A. Smelzer, would injure and destroy his property, situated in Gibson county, by burning and otherwise injuring and destroying the same, and that he made such complaint only to secure the protection of the law, and not from any anger or malice. It was further shown by competent evidence that upon such complaint a warrant was issued by the justice, by virtue of which the appellant was arrested and taken before such justice for trial, and the issue in the case was tried by a jury, and a verdict was returned finding that the complaining witness, Lute F. Riley, had "just grounds to entertain the fears expressed in his affidavit, at the time said affidavit was filed;" that thereupon the justice required the appellant to enter into a recognizance, with freehold surety, in the sum of $250, conditioned for her appearance on the first day of the next term of the Gibson Circuit Court to answer said complaint, and in the meantime to keep the peace toward said Lute F. Riley and all of the inhabitants of this State, and that, failing to give such recognizance, she should be committed to the jail of the county, until discharged by law, and that she pay the costs of this action; and that the appellant having failed to give such recognizance, the justice issued a *mittimus* to the jailer of such county, commanding him to confine the appellant in the jail thereof, until discharged by the law. The appellees also gave in evidence the *mittimus,* so issued by the justice, under which the appellant was committed to the county jail, and was then held in

custody by the appellee Chambers, as the sheriff of the county, and they then rested.

The appellant then testified, in her own behalf, that her name was Deborah A. Smelzer, and she was the petitioner in this case, " and the defendant in the case of *State of Indiana* v. *Deborah A. Smelzer,* tried before justice Lockhart at Patoka last week ; " and that she was at the trial, and had been in jail ever since. " This paper (referring to a writing handed her by counsel) I signed and gave it to Esquire Lockhart, before the trial." At this point, the bill of exceptions shows that the appellees objected to the witness testifying by parol as to what occurred at the trial, " on the ground that the record of the justice of the peace was conclusive, and that it was not competent to attack it collaterally, or to contradict it by parol evidence," which objection was sustained by the court, and to this ruling the appellant excepted.

Thereupon the appellant offered in evidence a paper writing, from the files of the justice, labelled "Affidavit for change of venue," a copy of which is set out, and offered to prove by the testimony of the appellant and three other witnesses, that before the trial in said cause of the State against the appellant, before said justice Lockhart, had begun, and before the jury had been sworn to try said cause, the appellant, the defendant in said cause, informed justice Lockhart that she demanded a change of venue of said cause from said justice, because of the bias and prejudice of said justice against her, the defendant ; that she thereupon handed said affidavit to said justice in his said court, and offered to verify the same upon her oath ; that said justice refused to swear her to said affidavit, and refused to grant her a change of venue, on the ground that she had, before that time, demanded a jury in said cause, and, for that reason, was not entitled to a change of venue ; that said justice then asked the appellant, if she was ready for trial, when she answered that she was not, but wanted to swear that she could not get justice in his court : but that said justice compelled said trial to proceed, and

thereupon made the order requiring her to enter into recognizance, in default of which she was committed to jail by said justice.

To the introduction of which written paper in evidence, and the testimony of the witnesses of said facts to accompany it, the appellees objected on the ground that it was not competent to contradict the record of the justice by parol testimony, which objection was sustained by the court, and to this ruling the appellant at the time excepted. No other evidence was introduced or offered by either party on the hearing of this cause.

From the foregoing statement of the proceedings on the hearing of this cause, it is manifest that the first question for our decision may be thus stated: Is the record of a justice of the peace, in a proceeding before him to obtain surety of the peace, conclusive? Or, is it competent to attack such record collaterally, or to contradict it by parol evidence? Our statute declares that " Every person restrained of his liberty, under any pretence whatever, may prosecute a writ of *habeas corpus*, to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." Section 1106, R. S. 1881. If, however, it can be correctly said that the action of a justice of the peace, under the statute, in requiring the defendant, in a proceeding before him to obtain surety of the peace, to enter into the recognizance required by the statute, or, in default of such recognizance, in committing him to the county jail until discharged by due course of law, is a " final judgment of a court of competent jurisdiction," then, under the *second* clause of section 1119, R. S. 1881, the legality of the judgment or process, whereby the party is in custody, can not be inquired into by any court or judge. But if the action of the justice, in such a proceeding, is not a final judgment, we know of no legal reason for holding that the record of his action is conclusive, or that such record may not be attacked collaterally, nor contradicted by parol evidence.

We are of opinion that the action of a justice of the peace,

in a proceeding to obtain surety of the peace, in requiring the defendant to enter into a recognizance in conformity with the statute, or, in default of such recognizance, in committing him to the county jail, is in no proper or legal sense a "final judgment," if, indeed, it can be called a judgment of any kind. In section 1610, R. S. 1881, it is provided as follows: "If the justice or jury trying the issue shall find that the complaining witness had, at the time the affidavit was filed, just grounds to entertain the fear expressed in his affidavit, the justice shall require of the defendant recognizance and freehold surety * * * * for his appearance before the circuit court on the first day of the next term thereof," etc. In the case provided for in this section of the statute, which is the case at bar, the justice is not authorized to render judgment of any kind, not even for costs; and his order requiring the defendant to enter into a recognizance, etc., can not be regarded as a "final judgment." Counsel on both sides concur in saying that the decision of the learned judge below, upon the point under consideration, was made upon the authority of the following cases in our reports: *Reed* v. *Whitton*, 78 Ind. 579, *Smith* v. *Hess*, 91 Ind. 424, and *Farmer* v. *Lewis*, 92 Ind. 444 (47 Am. R. 153).

It seems to us, however, that the cases cited are not applicable to the case in hand, and can not be regarded as decisive of the question here presented. The record of a justice, in a proceeding to obtain surety of the peace, closely resembles the record of such justice in a case of felony, where he sits merely as an examining court; and it has never been held that his record in this latter case is conclusive. We conclude, therefore, that it was error to hold in this case that the record of the justice was conclusive, and could not be attacked collaterally nor contradicted by parol evidence. It follows from this conclusion that it was error, also, to sustain the appellees' objections to the evidence offered by the appellant.

In *State* v. *Carey*, 66 Ind. 72, the court said: "It has been

·repeatedly decided by this court, and we can not well see how it could be decided otherwise, that prosecutions to obtain ·surety of the peace were criminal prosecutions." See the cases there cited. But while they are criminal proceedings, they are prosecutions, *not* for the punishment, but for the prevention of crime. *Murray* v. *State*, 26 Ind. 141. In such prosecutions the statute expressly provides that " Changes of venue * * shall be granted as in other cases." Section 1609, R. S. 1881. In *Hunnel* v. *State*, 86 Ind. 431, it is held that an application for a ·change of venue in a criminal cause, in the absence of any rule ·of court upon the subject, may be made at any time before the jury are sworn to try the cause. In section 1632, R. S. 1881, it is provided that " Changes of venue shall be granted on the application of the prisoner, as in civil cases," by justices of the peace; and in section 1467, R. S. 1881, it is also provided that " Changes of venue shall be granted at any time before the trial is commenced, whenever affidavit is made before the justice," by the party that he believes " he can not have an impartial trial before such justice, on account of his interest, bias, or prejudice."

The affidavit offered in evidence by the appellant in the case in hand conformed to the requirements of the statute in every particular; and if, as she offered to prove, she handed the justice such affidavit, and offered to verify the same, and thereon demanded a change of venue from such justice, before the trial had begun, and before the jury were sworn to try such cause, there can be no doubt, we think, that it became and was the imperative. duty of the justice, under the statute, to grant such change of venue. If the facts were as the appellant offered to prove they were, we are clearly of the opinion that all the proceedings of the justice, in the surety of the peace case, after she tendered her affidavit for verification and demanded a change of venue, were *coram non judice* and absolutely void.

The order of the honorable judge of the Gibson Circuit Court is reversed, with costs, and the cause is remanded, with instructions to proceed with the hearing on the writ of *habeas corpus* in accordance with this opinion.

