Willis *v.* Bayles.

Filed Feb. 17, 1886.

———————◆———————

•

No. 12,673.

## WILLIS *v.* BAYLES.

HABEAS CORPUS.—*Motion to Quash Writ.—Sufficiency of Complaint.—Practice.* —In *habeas corpus* proceedings a motion to quash the writ tests the sufficiency of the complaint or application on which it is issued.

SAME.—*Statutory Requirements.*—Where the complaint in a *habeas corpus* proceeding complies substantially with the requirements of the statute (section 1108, R. S. 1881), it is sufficient to withstand a motion to quash the writ.

SAME.—*Imprisonment Under Judgment.—Judgment Must be Void to Entitle Discharge.*—The writ of *habeas corpus* can not be used for the correction of mere errors in the judgment under which the petitioner is restrained of his liberty. To entitle him to a discharge from custody he must show, either by his petition or proof, that the judgment is void.

SAME.—*Justice of the Peace.—Execution Against Body.—Jurisdiction.—Erroneous Judgment.—Collateral Attack.*—Where, under sections 1559 and 1560, R. S. 1881, providing for *ca. sa.,* a justice of the peace has jurisdiction of the subject-matter and of the parties, his judgment, upon a defective verdict, however erroneous, is not void, and can not be collaterally attacked by a party thereto in a *habeas corpus* proceeding.

---

Willis *v.* Bayles.

---

STATUTES.— *Restraint of Personal Liberty.*— *Construction.*—Statutes which may operate in restraint of personal liberty must be strictly construed.

From the Sullivan Circuit Court.

*S. C. Coulson, J. C. Briggs* and *W. C. Hultz,* for appellant.
*J. W. Shelton, J. S. Bays* and *W. S. Maple,* for appellee.

HOWK, J.—In this case, the appellee Bayles filed his verified complaint in the court below, alleging that he was unlawfully restrained of his liberty and held in custody by the appellant Willis, sheriff of Sullivan county, and praying for the issue of a writ of *habeas corpus* in his behalf. The writ was accordingly issued and delivered to the appellant, who made return thereof in writing, and produced in court the body of the appellee. Written exceptions were filed by appellee to appellant's return, which were sustained by the court, and, upon appellant's failure to amend his return, the court ordered and adjudged that appellee be discharged from his custody.

Appellant has assigned errors here which call in question the decisions of the circuit court (1) in overruling his motion to quash the writ, (2) in sustaining appellee's exception to his return or answer, and (3) in discharging the appellee from custody.

In *habeas corpus* proceedings, a motion to quash the writ tests the sufficiency of the complaint or application whereon the writ was issued. *McGlennan* v. *Margowski,* 90 Ind. 150 ; *Milligan* v. *State, ex rel.,* 97 Ind. 355.

In his verified complaint, appellee alleged that he was a citizen of this State, residing in the town and county of Sullivan ; that he was unlawfully restrained of his liberty and held in custody by appellant, the sheriff of such county, in the county jail ; that the cause and pretence of his restraint, according to his best information and belief, was a certain pretended commitment or execution against appellee's body, commanding his arrest and imprisonment, issued by one Jacob N. Land, a justice of the peace of Haddon township, in Sul-

livan county, upon a certain affidavit filed before one Owen Davis, a justice of the peace of Hamilton township in such county, for a *capias ad satisfaciendum*, by one John W. Mc-Coskey ; that such cause and pretence was wholly untrue, and such restraint was illegal, in this, to wit :

*First.* That there was no judgment against appellee upon which an execution against his body could be legally issued.

*Second.* That the justice of the peace, Jacob N. Lamb, had no authority to issue such commitment or execution against the body of appellee.

*Third.* That the writ upon which appellee was arrested was wholly illegal and void.

All of which facts were true, as appellee was informed and believed. Wherefore, etc.

It is claimed by appellant's counsel that appellee's verified complaint did not state facts sufficient to entitle him to the issue of the writ of *habeas corpus.* Section 1108, R. S. 1881, declares that such a complaint "shall specify—

"*First.* By whom the person in whose behalf the writ is applied for is restrained of his liberty; and the place where; naming all the parties if they are known, or describing them if they are not known.

"*Second.* The cause or pretence of the restraint, according to the best of the knowledge and belief of the applicant.

"*Third.* If the restraint be alleged to be illegal, in what the illegality consists."

Appellee's complaint in this case, the substance of which we have given, complies substantially with these statutory requirements. The facts stated therein made a *prima facie* case in his favor, which authorized the issue of a writ of *habeas corpus* as prayed for, and were abundantly sufficient, we think, to withstand appellant's motion to quash the writ. *Milligan* v. *State, ex rel., supra ; Ex Parte Lawler,* 28 Ind. 241 ; *Flora* v. *Sachs,* 64 Ind. 155. The motion to quash the writ was correctly overruled.

The next error complained of in argument, on behalf of

appellant, is the sustaining of the exceptions to his return or answer to the writ of *habeas corpus* issued in this cause. In his return or answer the appellant said that, on the 3d day of September, 1885, one John W. McCoskey obtained a judgment against appellee for $122.70 and costs of suit, which judgment was duly rendered by and before Owen Davis, a justice of the peace of Sullivan county, duly and lawfully authorized in that behalf to try and determine, in an action wherein McCoskey was plaintiff and appellee was defendant, which judgment was still in full force, unpaid and not appealed from; that after the rendition of such judgment, appellee having failed and refused to pay or stay the same, McCoskey duly and legally instituted proceedings for a *capias ad satisfaciendum* against appellee, before Owen Davis as such justice, charging appellee with fraudulently concealing, withholding, transferring and secreting certain property, moneys, rights, credits and choses in action, subject to execution, with intent to cheat, defraud and delay him, McCoskey, in the collection of such judgment debt; that appellee appeared on the 3d day of September, 1885, in answer to such proceeding, and moved the justice to change the venue of the proceeding from Hamilton township, where the proceeding was then pending, and filed an affidavit in support of such motion; that, upon such application, the venue of such proceeding was changed to Haddon township, in such county, and the cause was sent to Jacob N. Land, a justice of the peace in such township; that, on the 6th day of October, 1885, the appellee and McCoskey each appeared, in person and by counsel, at the hour set for trial, before justice Land, who had competent authority to try and determine the cause; that, by agreement of the parties, the cause was tried by a jury of eleven good and true men, who were duly sworn to try the same and a true verdict render therein, according to law and the evidence; that said cause having been then and there submitted to such court and jury, and the evidence having been heard and the arguments of counsel made, and

such jury being fully advised, and having retired to their room to deliberate of their verdict, "and their minds and understandings being enlightened," they afterwards, on said day, returned into such court their verdict and finding for the plaintiff, McCoskey, against the defendant, Bayles, "that said Bayles fraudulently withheld, concealed, transferred and removed the sum of $150 in money, belonging to him, the said Bayles, with intent to defraud and delay said judgment creditor, John W. McCoskey;" that thereupon such justice then and there rendered judgment upon such verdict in said cause according to law, said Bayles having then and there refused and failed to pay over and surrender such money, or any part thereof, for the benefit of said plaintiff, or to pay such judgment; that thereupon such justice then and there issued on such judgment an execution against the body of John N. Bayles, setting out a copy of such execution, and then and there delivered the same to Andrew J. Latshaw, a constable in and for such township of Haddon, then and there duly qualified and acting as such; that such constable, by virtue of such execution, did, on the 19th day of October, 1885, arrest said Bayles in the town and county of Sullivan, and delivered him, said Bayles, into the custody and keeping of appellant, who was the sheriff of Sullivan county, duly and legally authorized in that behalf, and, as such sheriff, had control and charge of the jail of such county and the custody of the prisoners therein confined from time to time; that appellant had John N. Bayles in his custody, under the proceedings aforesaid and in the manner aforesaid; and that, so far as appellant was informed, the officers aforesaid were legally authorized and acting as such, and all proceedings set out or referred to, in his return, were regular and authorized by law, and the restraint of John N. Bayles by appellant was authorized by law. Wherefore, etc.

Appellee excepted in writing to the sufficiency of appellant's return, upon the ground that it did not state facts sufficient to justify the appellant in holding appellee in cus-

tody and in restraining him of his liberty. As we have already said, the court sustained appellee's exceptions and discharged him from appellant's custody.

We learn from the briefs of counsel, as well of the appellee as of the appellant, that appellee's written exceptions were sustained by the court to appellant's return to the writ of *habeas corpus*, and that appellee was discharged from appellant's custody upon the ground that the justice's judgment, awarding execution against the body of the appellee, in favor of John W. McCoskey, was upon its face absolutely null and void, and not merely erroneous. Of course, if the justice's judgment was null and void, the decision of the trial court in sustaining appellee's exceptions to appellant's return, and in discharging appellee from the custody of appellant, was clearly right and must be affirmed. But if, on the other hand, appellant's return to the writ does not affirmatively show that the justice's judgment, awarding execution against the appellee's body, was absolutely void, then it must be held that the trial court erred in sustaining appellee's exceptions to such return and in discharging him from appellant's custody, however erroneous the justice's judgment may appear to have been, and the judgment of the court below in the case in hand must be reversed.

It is settled law that the writ of *habeas corpus* can not be used as a writ for the correction of mere errors in the judgment, under and by force of which the petitioner for the writ is restrained of his liberty. "An imprisonment under a judgment," said Chief Justice MARSHALL, " can not be unlawful, unless that judgment be an absolute nullity; and it is not a nullity, if the court has general jurisdiction of the subject, although it should be erroneous." *Ex Parte Watkins*, 3 Pet. 193. In such case the petitioner for the writ assails collaterally the judgment under which he is imprisoned, and it is clear that to entitle himself to a discharge from such imprisonment he must show the judgment, either by his petition or by his proof on the hearing, to be an absolute nullity.

In the case under consideration, the appellee admitted by his demurrer to appellant's return to the writ, as the cause is now presented, that the justice's judgment, under which he was restrained of his liberty, was fully and correctly described in such return. The fundamental question for our decision in this case, therefore, may be thus stated : Do the facts stated in appellant's return to the writ show that the justice's judgment, under which appellee was restrained of his liberty, was or is null and void? The proceedings had and judgment rendered by and before Justice Land, of Haddon township, awarding the issue of a *capias ad satisfaciendum*, on a judgment theretofore rendered by Justice Davis, of Hamilton township, in favor of John W. McCoskey and against appellee, were manifestly intended to be had and rendered under and in conformity with the provisions of sections 1559 and 1560, R. S. 1881, in force since May 6th, 1853. So far as applicable to the case of *McCoskey* v. *Bayles,* it is provided in section 1559 as follows :

" The creditor wishing such execution, his agent or attorney, shall file with the justice an affidavit, charging the debtor * * * * * that he has moneys, rights, credits, or effects, with which the judgment of such creditor, or some part thereof, might be paid, and which he fraudulently withholds or conceals with a view to delay or defraud his creditor."

Section 1560 provides as follows : " Such affidavit need not designate specifically any property, moneys, or effects fraudulently removed, transferred, concealed, or withheld by such debtor; but the justice or jury, in determining the matters in issue between the parties, if the finding be for the creditor, shall designate in such finding the moneys, effects, property, or things in action which have been thus removed, concealed, transferred, or withheld, and also the value thereof."

Other sections follow, providing for the issue and service of process, the proceedings upon default or upon issue and trial, and if the finding or verdict be against the debtor, and he

fail or refuse to comply therewith, for the issue of an execution against his body, for his arrest thereunder, and for his commitment to, and confinement in, the county prison " until duly discharged according to law." But these other sections need not be further noticed in this opinion.

No question is made here by the counsel of either party, and we express no opinion, upon the change of venue asked for and granted in the proceeding instituted by McCoskey to obtain an execution against appellee's body. The first point made by appellee's counsel, in defending the decision of the trial court in sustaining the exceptions to appellant's return to the writ, and discharging appellee from custody, is, that the sections of the statute, above quoted, are in restraint of personal liberty, and must therefore be strictly construed. Doubtless this is the recognized rule for the construction of statutory provisions which may operate in restraint of personal liberty; and we agree with counsel that, under this rule, the provisions quoted should receive a strict construction. *Ramsey* v. *Foy*, 10 Ind. 493.

It is claimed by appellee's counsel that the verdict of the jury, in the proceeding before the justice to obtain an execution against the appellee's body, was not in compliance with the provisions, strictly construed, of section 1560, above quoted, and hence did not authorize the justice's judgment awarding the issue of such an execution. Conceding, without deciding, that the verdict of the jury in such proceeding did not conform to the requirements of section 1560, above quoted, strictly construed, it does not follow by any means that the justice's judgment thereon, awarding an execution against appellee's body, was an absolute nullity. The utmost that can be said against such judgment is that it was error to render it upon the verdict of the jury. The justice had full and complete jurisdiction, under the statute, of the subject-matter of such proceeding and of the persons of the parties, appellee as well as plaintiff McCoskey. In such a case, however strictly the statutory provisions above quoted may be

construcd, and however erroneous thereunder may have been the verdict of the jury and the justice's judgment, it is certain that, under our decisions, such judgment was not a nullity and can not be collaterally attacked by a party thereto in a *habeas corpus* proceeding.

In Church on Habeas Corpus, section 372, it is said: "Mere error in the judgment or proceedings, under and by virtue of which a party is imprisoned, constitutes no ground for the issuance of the writ; and it is well settled by both the State and Federal courts that a judgment or sentence can not be assailed on *habeas corpus*, if it is merely erroneous, the court having given a wrong judgment when it had jurisdiction of the person and subject-matter." So this court has held in several recent cases. *State, ex rel.,* v. *Murdock,* 86 Ind. 124; *Smelzer* v. *Lockhart,* 97 Ind. 315; *Smith* v. *Hess,* 91 Ind. 424; *Farmer* v. *Lewis,* 92 Ind. 444 (47 Am. R. 153); *Lowery* v. *Howard,* 103 Ind. 440.

We are of opinion, therefore, that the trial court erred in the case now before us, in sustaining the exceptions to the return to the writ and in discharging appellee from appellant's custody.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the exceptions to the return to the writ, and for further proceedings not inconsistent with this opinion.

Filed Feb. 17, 1886.