Lee *v.* McClelland.

---

## LEE *v.* McCLELLAND ET AL., COMMISSIONERS FOR THE REFORM SCHOOL FOR BOYS.

[No. 19,601.   Filed May 28, 1901.]

CRIMINAL LAW.—*Commitment to Reform School.—Constitutional Law.*—Where a minor appeared in open court in person and by counsel and waived arraignment and entered a plea of guilty to an indictment charging him with grand larceny, and the court withheld sentence and released him during good behavior, the subsequent action of the court in committing him to the reform school for boys upon his being brought into court was not in violation of §13 of the bill of rights as depriving the accused of the right to a public trial by jury.   *pp. 85-88.*

SAME.—*Commitment to Reform School.—Order-Book Entry.*—Where the accused, upon plea of guilty to an indictment charging him with grand larceny, was released during good behavior and afterward committed to the reform school for boys, the order of commitment is not void because it was not entered upon the order-book where no demand was made that it be entered.   *p. 88.*

SAME.—*Commitment to Reform School.—Indictment.— Order.*—Where the record shows only one charge of larceny against accused, and that by indictment to which he entered a plea of guilty, an order of commitment to the reform school for boys, stating that he was brought before the court and committed on a plea of guilty to an indictment for grand larceny, without stating when the charge of larceny was made, sufficiently shows that he was committed on that indictment.   *pp. 88, 89.*

SAME.—*Commitment to Reform School.*—In an action by plaintiff to obtain custody of his minor son who had been committed to the reform school for boys it was not error to exclude the testimony of a witness that he was present in court when the commitment was made, and that at that time there was no charge made or filed against him or read to him, since the court had authority to order the commitment on a plea of guilty to an indictment previously made.   *p. 89.*

SAME.—*Commitment to Reform School.—Collateral Attack.*— In a proceeding to obtain the custody of plaintiff's son, who had been

committed to the reform school for boys on a plea of guilty to an indictment for grand larceny, it must be shown, not only that the order was irregular, but that it was absolutely void, since the proceeding was a collateral attack on the order of commitment. *pp. 89, 90.*

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Action by Elijah Lee for the custody of his minor son who had been committed to the reform school for boys. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*J. B. Kenner* and *U. S. Lesh,* for appellant.
*E. G. Hogate* and *J. L. Clark,* for appellees.

MONKS, C. J.—Appellant brought this action under §8326 Burns 1894, §6223 R. S. 1881 and Horner 1897, to recover the custody of his son, who had been committed to the reform school for boys by the Huntington Circuit Court. The grounds upon which he claimed such recovery were stated as follows in his complaint: "That his son was committed to said institution without any warrant of law, in this, that there was no proceeding in the Huntington Circuit Court to prosecute his said son for crime upon which any finding of record was made, or as to his age; that his son was not brought before the court or judge, and no witnesses were heard, and it was not ascertained by testimony of witnesses that his said son was a suitable person to be committed to said institution, and no record whatever or sentence was ever passed or made, nor was any investigation, hearing, or trial had, or sentence committing him to said institution, upon the records of any court having jurisdiction to make such commitments; but his said son is held without any judgment, sentence, or other legal warrant of law, and is illegally so held and restrained of his liberty." Appellees filed an answer in which it was alleged that appellant's son was committed to said institution by the Huntington Circuit Court, and the commitment papers made out and signed by the judge of said court, as required by Acts 1883, p. 19, §§8315, 8318 Burns 1894, §§6213, 6220g Horner 1897,

and the medical examination as required by Acts 1883, p. 19, §8314 Burns 1894, §6212 Horner 1897, were made a part of said answer.   Appellant's demurrer to said answer was overruled and a reply filed.   The court tried the case and found for appellees, and over a motion for a new trial rendered judgment against appellant.   It appears from the record that the grand jury at the September term, 1899, of the Huntington Circuit Court, returned into said court an indictment charging a son of appellant with the offense of grand larceny in taking the personal goods of one Jerome Bronker.   Said indictment was entered on the docket of said court as cause number 1,327.   Afterwards, on October 10, 1899, appellant's said son appeared to said cause in open court in person and by counsel and waived an arraignment and entered a plea of guilty to said charge.   Thereupon the court found that said accused was thirteen years of age, and in its discretion withheld sentence, and ordered that said accused be released during good behavior, as provided in §1836 Burns 1894, §1767 R. S. 1881 and Horner 1897.   Afterwards, on March 23, 1900, appellant and his said son appeared in the Huntington Circuit Court, and the said son was thereupon by said court committed to the reform school for boys until he was twenty-one years of age, on said charge of larceny.

The commitment was made out and signed by the judge of said court in all respects as required by Acts 1883, p. 19, §§8315, 8318 Burns 1894, §§6213, 6220g Horner 1897, but no record thereof was made in the order-book of said court.   On the same day appellant made an affidavit that his said son was born on the 5th day of July 1886, and said son was examined by a reputable physician of the county and a certificate of such examination made by such physician as required by Acts 1883, p. 19, §8314 Burns 1894, §6212 Horner 1897.   Afterwards, on March 31, 1900, appellant appeared in said cause and filed an application in said criminal cause number 1,327 to revoke and set aside said order

of commitment, and that his son be permitted to make a defense to any charge that might be preferred against him. The prosecuting attorney filed a written statement setting forth the reasons why said order of commitment should not be set aside, and negativing all the material allegations of the application, and objecting to the same being granted.

It was alleged in said statement of the prosecuting attorney that said commitment was made under said indictment for larceny, and the court so announced at the time. The court overruled said application.

Appellant claims that said commitment was in violation of §13 of the bill of rights, being §58 Burns 1894, §58 R. S. 1881 and Horner 1897, which provides: "In all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face; and to have compulsory process for obtaining witnesses in his favor."

It is not shown by the record that appellant's son was deprived of any of the rights mentioned in said section. He appeared in open court in person and by counsel, and entered a plea of guilty to an indictment charging him with grand larceny. Being a minor, the court in its discretion withheld sentence and released him during good behavior. This was authorized by §1836 Burns 1894, §1767 R. S. 1881 and Horner 1897, which section also provides that the court shall have full power to pronounce sentence on said plea of guilty "whenever the conduct of the accused shall in the opinion of the court make such action proper." When the accused was again brought before the court by appellant on March 23, 1900, the court had full power under said section to pronounce sentence against him, if the conduct of the accused, in the opinion of the court, made such action proper. There was nothing for the court to try at that time, as there had

Lee *v.* McClelland.

already been a plea of guilty, and it rested entirely in the discretion of the court to pronounce or withhold sentence, under said §1836 (1767), *supra.*

The court was authorized by §8310 Burns 1894, §6210 Horner 1897, to commit the accused to the reform school for boys, until he attained the age of twenty-one years, instead of the county jail or state prison, on his plea of guilty of the crime of grand larceny, in taking the personal property of Jerome Bronker, as charged in said indictment. This the court did, and made out and signed the commitment, as provided in §8315 Burns 1894, §6213 Horner 1897. It is expressly provided in §8318 Burns 1894, §6220g Horner 1897, that no other record shall be made when the occasion of the commitment is a criminal charge, unless demanded by the infant, his parent, or guardian.

Appellant insists that the order committing the accused should have been entered in the order-book, and as it was not, the court below should have ordered his discharge in this proceeding. The accused, his parent, or guardian, had the right to have said commitment entered on the order-books of said court, and, by failing to make a demand therefor, waived such right, and appellant cannot now complain. Said commitment, signed by the judge, is a record and a part of the proceedings in said cause, whether entered in the order-book or not. The provisions of §§8308, 8311 Burns 1894, §§6220b, 6211 Horner 1897, in regard to verified complaints, have no application when the accused is charged with a crime by indictment or affidavit and information.

It is insisted by appellant that the commitment signed by the judge of the Huntington Circuit Court says that "the supposed charge upon which his son was sent to the reform school was made March 23, 1900, and therefore there was no connection between such charge and the indictment for larceny to which a plea of guilty had been entered six months before". Even if this was true, such recital would not overcome the other facts to the contrary, which clearly appear

from the record. The commitment, however, states that the accused was brought before the judge of said court on March 23, 1900, but it does not state when the charge of larceny was made against him. The record shows only one charge of larceny against appellant's son, and that by indictment to which he entered a plea of guilty, and it is clear from the record that he was committed to the reform school for boys on that indictment.

During the progress of the trial appellant offered to prove by a witness that said witness was present in the court room on March 23, 1900, when appellant's son was committed to the reform school for boys, and that at that time "no written charge for larceny, or any other offense, was made or filed against him, or read to him, either by affidavit and information or by indictment, nor was any such charge or charges made, presented, or filed near such date." The court excluded said evidence. Such evidence was immaterial for the reason that the power of the court to commit appellant's son did not depend upon the charge against him being preferred, made, or filed on or about or near March 23, 1900, or upon the same being read over to him on that day. The court had jurisdiction to commit him on the indictment for larceny although the same was returned by the grand jury, and the plea of guilty entered thereto at the September term, 1899, of said court. It follows that no error was committed in excluding said evidence.

This proceeding by appellant is a collateral attack on the order of the Huntington Circuit Court committing his son to the reform school for boys, and can not succeed unless that order is absolutely void. *Lowery* v. *Howard,* 103 Ind. 440, 443; *McLaughlin* v. *Etchison,* 127 Ind. 474, 476, 22 Am. St. 658; *Holderman* v. *Thompson,* 105 Ind. 112, 115; *Willis* v. *Bayles,* 105 Ind. 363, 371; *Turner* v. *Conkey,* 132 Ind. 248, 32 Am. St. 251, 17 L. R. A. 509; *Bruce* v. *Osgood,* 154 Ind. 375; *Helms* v. *Bell,* 155 Ind. 502. This case can not, therefore, be used for the correction of mere errors or

Western Union Tel. Co. *v.* Henley.

irregularities in the criminal case against his son, but, to entitle him to recover, he must show, not that said order was erroneous or irregular, but that it was absolutely void. *Willis* v. *Bayles,* 105 Ind. 363, 371.

As the Huntington Circuit Court had full and complete jurisdiction of the criminal case against the accused and of his person, the order was not void.

Judgment affirmed.