## Case No. 13,774.

### In re TAYLOR.

[12 Chi. Leg. News, 17; 13 West. Jur. 505; 25 Int. Rev. Rec. 321; 8 N. Y. Wkly. Dig. 554.]

District Court, D. Minnesota. Oct. 4, 1879.

HABEAS CORPUS — FEDERAL JURISDICTION — COMMITMENT COGNIZABLE BY STATE LAWS—MOTION TO QUASH.

The petition on its face showed that the petitioner is confined upon a regular charge and commitment for a criminal offense, after examination had by a court of competent jurisdiction; that the offense is exclusively cognizable by the laws of the state, and that the petitioner was not restrained of his liberty without due process of law, contrary to the constitution of the United States. Held, on motion to quash the petition and proceedings, that the federal courts had not jurisdiction to grant the prayer of the petition.

Charles H. Taylor, the petitioner, is confined in the Ramsey county jail, upon a commitment, after examination, upon a charge

of assault to commit rape, before the judge of the police court of the city of Saint Paul. He presented a petition for a writ of habeas corpus to Judge Nelson, U. S. district judge. Attached to the petition are copies of the complaint, the warrant issued thereon, and the commitment after hearing. The complaint charges the offense to have been committed by "one Taylor, whose Christian name is unknown." The warrant of arrest follows the complaint in this regard, while the commitment recites that Charles H. Taylor was brought before the court, charged on oath, etc., and after examination duly had, etc., the court adjudged the offense had been committed, and that there was probable cause to believe the said defendant, Charles H. Taylor, guilty thereof, etc. The petition alleged that the complaint and warrant are void upon their face, as not particularly describing the person charged and to be apprehended, and therefore the commitment is also void, being predicated upon a void complaint and warrant, and the detention of the petitioner thereunder is in violation of the constitution of the United States. The petition further discloses that the petitioner has had a hearing on a writ of habeas corpus before a competent state officer, and it alleges that since such hearing, new testimony has been discovered tending to exonerate the petitioner; that such officer is now absent from the state; that he has applied to all of the other state officers within the county where he is imprisoned for a second writ, and also to a majority of the judges of the supreme court of the state, and that his application has been refused, wherefore he claims that "the privilege of the writ of habeas corpus is suspended and denied, and the petitioner deprived of his liberty without due process of law."

A writ of habeas corpus was granted by Judge NELSON, and the petitioner was brought before him, when a motion was made to quash all proceedings.

E. G. Rogers, Co. Atty., for the motion.
Kerr, Wilson & Benton, contra.

NELSON, District Judge. The general rule is that a sufficient prima facie case must appear in the petition, and probable cause must be shown before the writ of habeas corpus will be granted. In some instances an order to show cause why the writ should not issue is entered, and notice of the return day served on the person in whose custody the petitioner may be; but in all cases, unless some statute makes the granting of the writ imperative, the court or judge may decide upon the application whether the petition shows the party entitled thereto, and if satisfied that a discharge cannot be granted, will deny the application and refuse to grant the writ. Again, if in doubt, the court grants the writ and disposes of the cause on the return day, when the prisoner is brought before him. The suit is then subject to the rules of practice, as any other, and a motion to quash all proceedings for the reason that the petition shows no jurisdiction in the court to further consider the case, which is equivalent to a motion to remand the prisoner, notwithstanding the fact alleged in the petition, is proper. Such a motion admits the allegations in the petition, and the court must decide upon the legal questions thus raised. In this case, a motion is made to quash for want of jurisdiction upon the face of the petition, and is allowed for the following reasons:

First. It appears that the prisoner is confined upon a regular charge and commitment for a criminal offense, after examination duly had by a court of competent jurisdiction. Second. The petition shows that the offense is exclusively cognizable in the courts of Minnesota. Third. The prisoner is not restrained of his liberty without due process of law, contrary to the constitution of the United States.

The first two points merely repeat the general rule established and necessary for the due administration of justice. Every government would be stripped of all power to execute its laws if the jurisdiction of its courts, in the exercise of their legal duties, was subject to the determination of another.

In regard to the third point there is a charge that the petitioner is imprisoned without due process of law, but it is based wholly upon an alleged refusal of one or more of the judges of the state to grant him the writ of habeas corpus with a hearing. The laws of this state providing for the issuance of the writ, prescribe in detail the essential prerequisites. The officer empowered to act upon a petition can judicially determine whether upon the case made out by the petitioner it should be granted, and may refuse if in his judgment, upon the facts prescribed upon a hearing, the result would be that the prisoner would be remanded. These laws are not in violation of the fourteenth amendment to the constitution of the United States. The writ is not granted, as a matter of course, and ought not to be granted unless the petitioner shows, in the first instance, that he is entitled to it. In the Case of Sims, 7 Cush. 285, the learned judge lays down correctly the above doctrine, which has been recognized repeatedly by other courts, both state and federal. A court has the right to refuse the writ, and its duty requires a refusal in many cases, but whether its judgment was right or wrong, such refusal does not work an immunity from further imprisonment. A denial of the writ is not a deprivation of liberty without due process of law. If it is, there would be no need of penitentiaries and prisons, for jail doors could be thrown open as fast as decisions are obtained refusing to

grant the writ when applied for. The motion to quash all proceedings is granted and the prisoner is remanded to the sheriff.