SUMNER *et al. v.* SUMNER.

1. The application for the writ of habeas corpus complied with every provision of the Penal Code, §1211, and, therefore, was not open to general demurrer.
2. The power to issue writs of habeas corpus is not confined to judges of the superior courts and ordinaries. The judge of the city court of Wrightsville has " power to issue writs of habeas corpus, and hear and determine the same as judges of the superior courts may do." Acts 1899, p. 432.
3. The writ of habeas corpus is not an equitable but a common-law remedy. *Massee* v. *Snead*, 29 *Ga.* 51.
4. The return to a writ of habeas corpus is to be heard and determined by the judge granting the writ, and not by a jury. Penal Code, §§ 1222, 1226, 1229, 1231, 1232.
5. The error of the judge in admitting on the hearing, over the objection of the defendants, the documentary evidence set out in the bill of exceptions, requires a reversal of his judgment.

Submitted February 2,—Decided February 11, 1903.

Habeas corpus. Before Judge Robinson. City court of Wrightsville. November 24, 1902.

*E. L. Stephens,* for plaintiffs in error.

FISH, J. To obtain the custody of her two minor children, Amanda Sumner applied to the judge of the city court of Wrightsville for a writ of habeas corpus against E. J. Sumner, the uncle, and Mary Ann Sumner, the grandmother of such children. The judge issued the writ, and, upon the hearing of the return to the same, awarded the custody of the children to the plaintiff; and the case is here upon a bill of exceptions sued out by the defendants, in which they complain of the overruling of their demurrer to the plaintiff's application for the writ, of the judge's refusal to comply with their demand for a jury trial, of the admission of certain documentary evidence over their objection, and of the judgment awarding the custody of the children to the plaintiff. The demurrer to the application was both general and special. The special ground of the demurrer was, that the judge of the city court of Wrightsville has no power to issue the writ of habeas corpus, for the reasons, (1) that such power is vested exclusively in the judges of the superior courts and the ordinaries; (2) that the writ is an equitable proceeding, and the judge of such city court has no equitable jurisdiction. The demurrer, as well as the demand for a jury trial, is sufficiently dealt with in the headnotes.

The documentary evidence, which was admitted over the objection of the defendants that it was irrelevant, was a certified copy of

a suit for alimony by Amanda Sumner against J. M. Sumner, in Johnson superior court, and an order of the judge of such court dismissing this suit. We are unable to see the relevancy of this suit, or anything set out in the petition or in the order of dismissal, and are clear that the defendants' objection to this evidence should have been sustained. We would be at a loss, however, to understand how the defendants were hurt by the admission of this irrelevant evidence, but for the fact that the judge makes this note, explaining why it was admitted: "The good faith of the claim by the defendants as to their right to the custody of the children was in issue, and this was admitted to show bad faith of defendants and him under whom they claimed." As the evidence was clearly inadmissible, and as it appears from the judge's note that he considered it as showing bad faith on the part of the defendants and the father of the children, and as the judgment of the court was against the defendants, the error in admitting the evidence requires a reversal of the judgment awarding the custody of the children to the plaintiff.          *Judgment reversed. By five Justices.*