# IN THE MATTER OF THE APPLICATION OF WONG KUM WO FOR A WRIT OF HABEAS CORPUS.

## December 24, 1914.

*Habeas corpus—Demurrer to petition*:   It is not proper practise to demur to a petition for a writ of habeas corpus after the writ has issued.

*Habeas corpus:*   On motion to strike demurrer to petition, the writ having issued.

*F. E. Thompson, (Thompson, Wilder, Milverton & Lymer* with him) for the motion.

*Jeff McCarn,* U.S. District Attorney, contra.

CLEMONS, J.   The authorities are almost unanimous in holding against the practice of demurring to a petition for a writ of habeas corpus after the writ has issued. See especially *Simmons v. Georgia Iron Co.,* 117 Ga. 229, 305, 43 S. E. 780, 61 L. R. A. 739; also Church, Habeas Corpus, 2d ed., sec. 160; 9 Enc. Pl. & Pr. 1035; and a majority of authorities hold that the result intended by the demurrer may be reached by a motion to quash. See, e.g., *In re Taylor,* 23 Fed. Cas. 728, 729, No. 13,744.

The Federal statutes, Rev. Stat. secs. 750, 757, however, appear to contemplate that the respondent shall make a prompt return showing the *true* cause of the detention,— which is a different thing, for instance, from showing by demurrer what is not necessarily the true cause of detention but only a cause admitted to be true for the purpose of the demurrer. It has been pointed out that these Federal statutes are intended to forestall delays; and in view of this intent and of the practically unanimous rulings against demurrers in cases like the present, the motion to strike will be granted. *Ex parte Baez,* 177 U. S. 378, 388-389.   The suggestion occurs to me, that matters of demurrer, i. e., objections to the sufficiency of the petition, might, if desired, be raised in connection with the return as they are in the new equity practice in connection with the answer,—such objections amounting to a motion to quash.

Motion granted.   Let the respondent have five days within which to file return.