# IN THE MATTER OF THE APPLICATION OF WONG KUM WO FOR A WRIT OF HABEAS CORPUS.

## January. 14, 1915.

*Habeas corpus—Return, scope of:*   A return to a writ of habeas corpus is not limited to a narrow compliance with Rev. State. sec. 757, requiring the return to show "the true causes of the detention," but may answer specific allegations of the petition for the writ.

*Habeas Corpus:*   On exceptions to return.

*F. E. Thompson* and *W.. T. Carden* (*Thompson, Wilder, Milverton & Lymer* with them) for petitioner.
*Jeff McCarn,* U. S. District Attorney, for respondent.

CLEMONS, J.   The petitioner for a writ of habeas corpus, in exceptions to the respondent's return, moves to expunge as scandalous and impertinent portions of the return which do more than attempt a bare compliance with the statutory requirement of a showing of "the true causes of the detention," Rev. Stat. sec. 757, namely, those portions of the return which meet squarely allegations of the petition giving particulars of a want of due process of law in proceedings before immigration officers.   The theory of the motion to expunge is based (1) on the rule that the return is to the writ and not to the petition and (2) on the statutory requirement, above mentioned, as to what the return shall show.

In support of the motion are cited decisions holding that the respondent is not required to make any issue on the petition; the contention being that these decisions suggest by analogy the necessity of disregarding the petition entirely, once the writ has issued.   *In re Moyer,* 35 Colo. 159, 85 Pac. 190, 192, 117 Am. St. Rep. 189, and *Ex parte Durbin,* 102 Mo. 100, 14 S. W. 821, the latter involving a statute similar to Rev. State. sec. 760, which provides that

the petitioner may deny any of the facts set forth in the return or allege any other fact that may be material in the case. In the *Moyer* case, the court says:

"It is urged by counsel for petitioner that certain averments in the petition for the writ are not controverted by the return. The latter is not treated as an answer to the application, but rather as a response to the writ itself. The averments of the petition are made for the purpose of obtaining the writ, and the respondent, in his answer thereto, simply seeks to relieve himself from the imputation of having imprisoned petitioner without lawful authority, and this he does, or rather, is required to do, under the law, by statements in the return from which the legality of the imprisonment is to be determined, without regard to the statements of the writ. In short, he is not required to make any issue on the petition for the writ, but to answer the writ. *In re Chipchase,* 56 Kan. 357, 43 Pac. 224; *Ex parte Durbin* (Mo. Sup.), 14 S. W. 821; *Simmons v. Georgia Iron & Coal Co.* (Ga.), 43 S. E. 780, 61 L. R. A. 737."

The motion is urged as logically following the court's order, made at a prior stage of the present case, striking a demurrer to the petition interposed after the writ had issued. But this is the logic of a narrow view of the rule that the return should respond to the writ and not to the petition; for this rule arises from the summary nature of the proceeding of habeas corpus and not from any idea that the petition, once acted upon in the granting of the writ, is out of the case for all purposes. See *In re Depue,* 77 N. E. 798, 800 (N. Y.); 2 Spelling on Extraordinary Remedies, sec. 1317. The court in issuing the writ is in theory supposed to pass upon the sufficiency of the petition (see *Simmons v. Georgia Iron Co.,* 117 Ga. 229, 61 L. R. A. 739, 43 S. E. 760, 782, 783); and, the writ having issued in response to the petitioner's prayer, the petition becomes to some extent functus officio. But the allowable practice of moving to quash the writ, affords an instance of the fact that the petition is not entirely to be disre-

garded; for a motion to quash though directed against the writ itself, is still grounded upon the insufficiency of the petition. See *In re Taylor,* 23 Fed. Cas. 728, 729, No. 13,774; *McGlennon v. Hargrave,* 90 Ind. 150, 153; *Milligan v. State,* 97 Ind. 355, 356, 357. The distinction between a demurrer, attacking the petition directly, and a motion to quash, attacking the petition indirectly, is of course technical, but it is none the less recognized. See the Indiana cases, supra.

However, the question before us may be considered on more practical, less technical, grounds. We cannot ignore the fact that in nearly every, if not every, case the real subject of controversy is the very thing alleged in the petition. It is only fair to presume that the detailed showing of want of due process, made by the petition in this case, is what the petitioner is going to rely upon at the final hearing. Is it not, then, impracticable to defer the joining of issue to a later stage by ignoring what is already apparent? Is it not carrying a theory too far, to say that the respondent may, e. g., show that the petitioner is held by virtue of a warrant of deportation, but may not show that the petitioner is held by virtue of such a warrant based upon a hearing conducted duly and fairly in certain specified particulars in regard to which the petitioner's claim of unfairness and want of due process of law, is evident in the record?

To anticipate or meet in the return the petitioner's stated position, may at least be justified on the ground of practicability; it effects the arrival at an immediate issue, just as does the charging part of a bill in equity, still permissible under the new equity rules. See Hopkins' Fed. Eq. Rules, 159, note to rule 25; see, also, 2 Rose's Fed. Proc., sec. 1689, regarding habeas corpus as in the nature of an equitable proceeding.

At all events, the Federal Supreme Court has firmly established a rule, inconsistent with the motion before the

court, that "in a petition for a writ of habeas corpus, verified by oath of the petitioner, as required by Rev. Stat. U. S. sec. 754, facts duly alleged may be taken to be true, *unless denied by the return* or controlled by other evidence." *Whitten v. Tomlinson,* 160 U. S. 231, 242; *Kohl v. Lehlback,* 160 U. S. 293, 296; *Kentucky v. Powers,* 201 U. S. 1, 34. The New York court of appeals takes the same view. *In re Depue,* 77 N. E. 798, 800. And Spelling on Extraordinary Remedies, sec. 1317, states that "while, strictly speaking, owing to the summary character of the proceeding, there are no pleadings in habeas corpus, yet for all practical purposes the petition is treated as the complaint, and the return as an answer in an ordinary civil action."

To meet the suggestion made in argument that the petition is no part of the record, see rule 126 of our own court, following Rev. Stat. sec. 765. There may be some question whether this section has been repealed by the circuit court of appeals act of 1891 (c.. 2 Rose's Fed. Proc. 1379-1380 with 26 Stat. 826-830); but I have no doubt that our rule is merely declaratory of what would be the rule independently of the statute.

The exceptions are overruled and the motion to expunge denied.