[Filed May 11, 1887.]

SAMUEL R. BAISLEY, RESPONDENT, *v.* JEREMIAH C. BAISLEY, APPELLANT.

COURTS.—During a regular term of the Circuit Court of the State of Oregon for Baker County, the district judge, Ison, presiding, and conducting a trial with a jury drawn from the regular panel, a jury was drawn by Judge Bird of the Seventh Judicial District, and a trial of this cause had at a place other than the court-house.

SAME.—Defendant appeared, and without objecting to the jurisdiction of the court asked for a continuance, which was granted; upon re-appearance the defendant objected to the further proceeding. A jury was impaneled and a trial had. *Held*, (1) That there was no authority for holding more than one Circuit Court at the same time in the same county. (2) That the judgment should be reversed, as it appears that the trial was not had at the place designated by law, and it does not appear that the place where it was had, had been properly selected or designated. And appellant had no opportunity for defense.

APPEAL from Baker County. Reversed

*Olmstead & Anderson,* for Appellant.

Unless a disqualification of the regular judge of the district exists another judge cannot be substituted. (Act, 1880, p. 48; *State* v. *Roberts*, 8 Nev. 24; *People* v. *O'Neil*, 47 Cal. 109.)

This statute does not authorize the holding of a separate and distinct department of the Circuit Court. The power of substitution must be strictly construed. (*Clays* v. *State*, 24 Wis. 462.)

Consent of the parties cannot confer jurisdiction. (Freeman on Judgments, § 119; *Dix* v. *Hatch*, 10 Iowa, 380.)

*Mr. Zera Snow* appeared for the Respondent, and made an oral argument.

THAYER, J.—The respondent commenced an action against the appellant in the Circuit Court for Baker County upon a promissory note executed by the latter to the former.

The appellant filed an answer, in which he alleged that the only consideration for the note was the sale of an undivided three-eighths interest in a certain quartz-mining claim; and that at the time of making the note, the respondent agreed to convey the said interest in the claim to him immediately, on the same day the note was executed; that the respondent did not so convey the same on the day the note was executed, nor had since conveyed it, or any part thereof. The respondent filed a reply to the new matter contained in the answer controverting the same. It appears from a copy of the record transmitted to this court, that the case was continued on June 26, 1886, for the term then in session; and that on the twelfth day of October, 1886, the appellant filed a motion and affidavit for a continuance of the case for the term then in session. The respondent opposed the motion, and the parties seem to have terminated the matter by a mutual consent in open court that the cause be set for trial for the third day of January, 1887, before Judge Bird, judge of the Seventh Judicial District. Facts set forth in the affidavit for the continuance disclosed that the regular judge of the district, Judge Ison, was disqualified to preside in the case, and that circumstance, doubtless, had an influence in inducing the consent referred to. The next proceeding in the case is shown by a journal entry of the 13th of January, 1887, which is as follows: "This cause coming on to be heard before Hon. J. H. Bird, judge of the Seventh Judicial District of this State, he presiding at the request of Hon. L. B. Ison, judge of the Sixth Judicial District, and on Thursday morning, January 13, 1887, the said Judge Bird opened court in a building near the county court-house in Baker City, and at this time the defendant's attorneys, Olmstead and Anderson, appeared, and without any objection to the jurisdiction of this court, or the place of holding the court, requested the court to postpone this cause until the afternoon of this day, on account of the absence of the defendant, and then stated that if defendant did not appear they would withdraw

from this cause. Thereupon, the impaneling of the jury was ·postponed until the afternoon at 1:30 o'clock P. M., and at the coming in of the court, in the afternoon, the attorneys for defendant filed their affidavit of M. L. Olmstead, one of the attorneys for defendant, and also filed his objections to the jurisdiction of the court."

The affidavit was to the effect that the Circuit Court was in session with Luther B. Ison, presiding; that defendant had no knowledge or information, as affiant believed, that the cause would be called for trial while the said court was at the same time engaged in the trial of the *State of Oregon* v. *Israel and Thorndyke;* that the defendant was absent without the affiant's knowledge or consent; that he had diligently endeavored to notify the defendant that he was required to appear at that time, but had been unable to receive any communication from him; that affiant could not proceed to trial without the attendance of the defendant.

The objections to the jurisdiction were upon the grounds:—

1. That said court had no jurisdiction of the subject-matter of the cause, nor of the parties litigant. The said court being then ·in adjourned session with Luther B. Ison, the regular qualified and acting judge of the Sixth Judicial District of the Circuit Court of the State of Oregon, then in session, and having on trial a criminal cause, with a jury impaneled, and a jury drawn from the panel of said court, and then in the jury-box in the trial of said criminal cause, and this cause being called for trial before Judge Bird, of the Seventh Judicial District of the Circuit Court of the State of Oregon, at a place other than the court-house and regular place of holding said court.

2. For the reason that there was no legally constituted court then in session for the trial of the cause, nor a legally constituted jury in attendance from which to call jurors to try the cause.

Appended to the said objections is the following:—

"The foregoing exceptions are settled, approved, and signed, and hereby made a part of the record of this court, this thirteenth day of January, A. D. 1887, at one o'clock and thirty minutes P. M.          J. H. BIRD, Judge."

From other journal entries in the case it appears that the said court proceeded to draw a jury; that the case was presented to them, and they returned a verdict for the respondent for $3,999.17, upon which the judgment appealed from was entered.

The grounds of error upon which this appeal is founded are: That the judgment was not rendered by any court known to the law; that the regular court for the county was in session and presided over by Judge Ison at the court-house, when the trial in this case took place; and that but one Circuit Court could be in session at the same time, prior to the late amendment providing for another department of the Circuit Court in said Sixth Judicial District. The point raised by the appellant's counsel, in view of the facts claimed by him, presents a difficult question to get over. I am fully satisfied that, under the act of the legislative assembly of 1880, there could be only one session of the Circuit Court for the county of Baker at the same time. Judge Ison had authority, when disqualified from holding the term, or from trying a particular case, or when unable to be at the court, to call in any of the other circuit judges of the State to preside in his place; but that the judge of another Circuit Court could hold a court, draw a jury from the regular panel, and try a case while the judge of the district was in the full exercise of his judicial functions, in the manner claimed, could not possibly be legal; no such authority as that is contained in the Act of 1880, before referred to. The respondent's counsel, however, claims that there is nothing before this court from which it can be ascertained that Judge Ison, at the time this case was tried, was holding said Circuit Court, engaged in the trial of the criminal case referred to in the objections to Judge Bird's jurisdiction. I was at first inclined to adopt this view; but upon a full consideration of the question with my associates, have concluded that the journal entries and the exceptions "settled, approved, and signed by Judge Bird," as before mentioned, are sufficient to establish the fact as claimed; besides, it clearly appears from the journal entry referred to that the court presided over by Judge Bird did not sit at the place designated by law, as provided by section 901 of the Civil Code, and it no-

where appears that the place where it was held had been properly selected or designated. The appellant evidently has not had the opportunity to make his defense to the action that the law entitles him to.

The judgment must therefore be reversed, and the cause remanded for a new trial.