Williams *v.* Hert.

---

WILLIAMS *v.* HERT ET AL.

[No. 19,640.    Filed June 27, 1901.]

HABEAS CORPUS.—*Refusal of Trial by Jury.—Criminal Law.*—Where defendant was tried and convicted for petit larceny, a writ of *habeas corpus* for his release, on the ground that he was refused a trial by jury, was properly denied, as the action of the court in refusing defendant a trial by jury, if erroneous, did not deprive the court of jurisdiction of the offense charged, nor of the person of defendant, and can only be reviewed and corrected on appeal.

From Clark Circuit Court; *J. K. Marsh,* Judge.

*Habeas corpus* by Frank E. Williams for his discharge from prison. Appeal from order quashing the writ. *Affirmed.*

*L. A. Douglass* and *H. W. Phipps,* for appellant.

*W. L. Taylor, C. C. Hadley, Merrill Moores* and *F. M. Mayfield,* for State.

MONKS, C. J.—This is a proceeding by writ of *habeas corpus* against the superintendent and assistant superintendent of the Indiana Reformatory for the discharge of appellant from said institution. On motion of appellees the writ of *habeas corpus* was quashed. It is alleged in the application for the writ that appellant was charged in the Madison Circuit Court by affidavit and information with the crime of petit larceny; that he entered a plea of not guilty to said charge, and demanded that said cause be tried by a jury, which demand was refused; that he was tried by the court, found guilty of the offense charged, and it was found that he was twenty-five years of age. Judgment was rendered on the

finding.   Appellant insists that all the proceedings in said cause, after his demand for a jury trial, were without jurisdiction, and the same were and are absolutely void.

If the Madison Circuit Court refused appellant a trial by jury, such action of the court, even if erroneous, did not deprive said court of jurisdiction of the offense charged, nor of the person of appellant.   Such error can only be reviewed and corrected on appeal.   *Koepke* v. *Hill, ante,* 172.   *Winslow* v. *Green,* 155 Ind. 368, 369, and cases cited.   As was said in the case last cited "The law is firmly established, that jurisdiction being once obtained over the person and subject matter, no error or irregularity in its exercise will make the judgment void."

This proceeding is a collateral attack on said judgment of the Madison Circuit Court committing appellant to the Indiana Reformatory, and can not succeed unless said judgment is absolutely void.   *Crawford* v. *Lawrence,* 154 Ind. 288; *Winslow* v. *Green,* 155 Ind. 368, and cases cited; *Lee* v. *McClelland, ante,* 84; *Koepke* v. *Hill, ante,* 172.

This proceeding can not therefore be used for the correction of errors and irregularities in said criminal case under which appellant was committed to the Indiana Reformatory. *Willis* v. *Bayles,* 105 Ind. 363; *Lee* v. *McClelland, supra.*

As the Madison Circuit Court had full and complete jurisdiction of the criminal case against appellant and of his person, the judgment was not void.

It is proper to say that appellant appealed from the judgment of the Madison Circuit Court committing him to the Indiana Reformatory to this court, and sought a reversal of that cause upon the same ground alleged in his application for a writ of *habeas corpus* in this proceeding, and that said judgment was affirmed.   *Williams* v. *State, ante,* 94. Judgment affirmed.