## RYAN v. RHODES, SUPERINTENDENT, ET AL.

[No. 20,645.   Filed December 6, 1905.   Rehearing denied June 29, 1906.]

1.   JUDGMENT.—*Collateral Attack.—Industrial School for Girls. —Commitment.*—The judgment, though erroneous, of a court of superior jurisdiction committing a married girl under fifteen years of age to the Indiana Industrial School for Girls under the act of 1903 (Acts 1903, p. 91) is not subject to a collateral attack, where the court had jurisdiction over the person. p. 123.

2.   HABEAS CORPUS.—*To Release Prisoner.—Collateral Attack.*— An attempt, by *habeas corpus*, to obtain the release of a person in custody under the judgment of a court is a collateral attack on the judgment of such court.   p. 124.

3.   SAME.—*Correcting Errors.—Appeal and Error.*—The writ of *habeas corpus* cannot be used to correct the errors a court may have made in its judgment committing the plaintiff. p. 124.

4.   PARTIES.—*Husband and Wife.—Industrial School for Girls.— Commitment.*—In a proceeding to commit an alleged incorrigi-

ble girl under fifteen years of age to the Industrial School for Girls (Acts 1903, p. 91), the husband of such girl is neither a proper nor a necessary party.   p. 124.

5.   JUDGMENT.—*Collateral Attack.—Issues.—Questions Capable of Litigation.*—All questions which might have been litigated under the issues in a cause are conclusively settled by the judgment therein as against a collateral attack.   p. 126.

From Superior Court of Marion County (68,618) ; *Vinson Carter,* Judge.

Action by William A. Ryan against Emily Rhodes, as Superintendent of the Indiana Industrial School for Girls and others.   From a judgment for defendants, plaintiff appeals. *Affirmed.*

*A. F. Knotts, F. M. Conroy* and *James W. Noel,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild, W. C. Geake* and *Charles A. Weathers,* for appellees.

MONKS, J.—This proceeding was brought by appellant to obtain, by writ of *habeas corpus,* the discharge of his wife, an infant under fifteen years, from the Indiana Industrial School for Girls.   On motion of appellees, the writ of *habeas corpus* was quashed, and the court rendered final judgment against the appellant.

It appears from the application for the writ that Fay Ryan was on June 27, 1904, committed by the Lake Superior Court to said industrial school under the first clause of §8273 Burns 1901, §6180 R. S. 1881 and Horner 1901, as amended by the act of 1903 (Acts 1903, p. 91, §8273 Burns 1905), on the complaint of her father that she was incorrigible and beyond his control.   It is alleged in said application that said Fay Ryan and appellant were married on November 23, 1902, and were husband and wife at the time of said commitment.   Appellant insists that §8273, *supra,* as amended by the act of 1903, *supra,* only applies to unmarried females under fifteen years of age, for which reason the commitment of Fay Ryan, who was the wife of

appellant, although under the age of fifteen years, to the Indiana Industrial School for Girls was a nullity.

It is not necessary to determine whether said section applies to married females under the age of fifteen years.

The Lake Superior Court is a court of general juris-

1. diction, and there is no claim that it did not have jurisdiction to entertain and decide proceedings to commit the persons mentioned in §8273, *supra,* as amended in 1903, to the Indiana Industrial School for Girls. Whether this particular case, in which appellant's wife was committed, actually belonged to that class is not material in this proceeding. Said court was called upon to decide whether it did or did not. This judgment, if conceded to be erroneous, is impervious to collateral attack. *Koepke* v. *Hill* (1901), 157 Ind. 172, 87 Am. St. 161, and cases cited; *Williams* v. *Hert* (1901), 157 Ind. 211, 87 Am. St. 203; *Winslow* v. *Green* (1900), 155 Ind. 368; *Gillespie* v. *Rump* (1904), 163 Ind. 457; *Welty* v. *Ward* (1905), 164 Ind. 457; *Cruthers* v. *Bray* (1903), 159 Ind. 685; *Bruce* v. *Osgood* (1900), 154 Ind. 375, 378, and cases cited; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 240-247; *Hiatt* v. *Town of Darlington* (1899), 152 Ind. 570, 575-579, and cases cited; *Evansville Ice, etc., Co.* v. *Winsor* (1897), 148 Ind. 682, 690-692, and cases cited; *Board, etc.,* v. *Harrell* (1897), 147 Ind. 500, 502, 503, and cases cited; *Jones* v. *Cullen* (1895), 142 Ind. 335, 342-347, and cases cited; *Perkins* v. *Hayward* (1892), 132 Ind. 95, 102-105; *Soules* v. *Robinson* (1902), 158 Ind. 97, 99-101, 92 Am. St. 301. Said court, by committing said Fay Ryan, must have decided either that a married female under the age of fifteen years came within the provision of the first clause of §8273, *supra,* or that she was an unmarried female, and either of such decisions if made, even if erroneous, under the cases cited, is binding and conclusive until set aside.

It is evident that said judgment of the Lake Superior Court is not void, and is not therefore subject to collateral

attack by writ of *habeas corpus* or otherwise. *Soules v. Robinson, supra; Lee* v. *McClelland* (1901), 157 Ind. 84, 89, 90, and cases cited; *Williams* v. *Hert, supra; Koepke* v. *Hill, supra; Winslow* v. *Green, supra.*

This proceeding by *habeas corpus* cannot be used to correct errors, if any, in the case in which said commitment was made. *Welty* v. *Ward, supra,* and cases cited; *Williams* v. *Hert, supra; Gillespie* v. *Rump, supra.*

Judgment affirmed.

Gillett, C. J., took no part in the decision of this cause.

## On Petition for Rehearing.

Jordan, C. J.—Appellant petitions for a rehearing in this cause, and his learned counsel has from his standpoint presented an able and extensive argument in support of the petition. The argument is advanced that the judgment of the Lake Superior Court affected the personal and sacred domestic rights of appellant without his being a party to the proceedings in which the judgment was rendered; that for this reason he had no remedy by appeal, and the only one open to him now for asserting and enforcing the legal rights which he claims in securing the liberation of his wife from the institution to which, under the judgment, she was committed, is the remedy which he now herein invokes.

But under the statute involved in the action instituted in the Lake Superior Court appellant was neither a necessary nor proper party. It might with equal force be argued that had his infant wife been charged with and convicted in a court of competent jurisdiction of having violated a penal law of this State, and, as a punishment for such violation, committed to prison, appellant, by reason of the fact that he was not a party in the criminal prosecution, would have been entitled to the right to secure her release by writ of *habeas corpus.* He certainly is in no better position to

avail himself of the remedy which he seeks herein under the facts than he would be in the case which we have supposed. In either his right to secure her release by writ of *habeas corpus* must rest on the fact that there was an absence or lack of jurisdiction on the part of the court over the subject-matter, and not the fact merely that the court erred in construing the statute under which the proceedings or action were had, and that its judgment was therefore wrong.

When the father of appellant's minor wife presented his petition to the Lake Superior Court, charging therein that his said daughter was incorrigible, etc., the jurisdiction of that court over the subject-matter was thereby invoked.

The statute under which the proceedings in question were had invested that court with complete jurisdiction over the subject-matter, and under the complaint filed the court was, in effect at least, requested to determine or decide as to its power under the facts to commit the incorrigible infant to the care and custody of the institution in question, as provided by the statute.

Whether the law was intended to apply alone to unmarried females under the age of fifteen years, or whether it embraced all within the age mentioned, whether married or unmarried, was a matter for the determination of the court in placing an interpretation upon the statute. That issue or question was tendered or presented by the complaint, and under the judgment of the court it was, if not expressly, at least impliedly, settled or determined adversely to appellant's contention. Possibly the court may not have been apprised of the fact that the defendant was married. Nothing to the contrary appearing, it may have assumed that she was not, as she had not attained the age fixed by the statute for females to enter into the married relation. But, as originally asserted, the question, whether a married infant under the age of fifteen years came within the meaning of the statute, was, impliedly at least, tendered or presented by the proceedings.

The rule is well settled since the decision of this court in *Fischli* v. *Fischli* (1825), 1 Blackf. \*360, 12 Am. Dec. 251, that a judgment in an action or proceeding 5. determines or settles all material issues involved between the parties to the action and all matters which might have been properly litigated and settled within the issues tendered or made by the pleading, and to this extent the judgment is not subject to a collateral attack. Van Fleet, Former Adjudication, p. 2; *Faught* v. *Faught* (1884), 98 Ind. 470.

In addition to the authorities cited in the original opinion, see *Stoy* v. *Indiana, etc., Power Co.* (1906), 166 Ind.. 316, and authorities cited; 1 Elliott, Gen. Prac., §246.

We have again given this case a careful consideration, and are fully satisfied with the conclusions reached at the former hearing.

Petition for rehearing overruled.