L. A. BEDFORD AND J. M. BATES v. GEO. C. STONE ET AL.

Decided May 12, 1906.

1.—Regular Judge and Special Judge—Contemporaneous Sessions—Legality.

The fact that the regular district judge and a special district judge, duly authorized to act in the particular case, were holding their respective courts at the same time and in the same courthouse, does not of itself render the proceedings before the special judge void, and a judgment rendered by the special judge under such circumstances will be reversed only when it is made to appear that the appellant was, by reason of such facts, deprived of some valuable right, as, for instance, the right of trial by the regular jury, and not then unless the complaining party had a meritorious cause of action or defense.

Appeal from the District Court of Eastland County. Tried below before Hon. J. J. Butts, Special Judge.

*D. G. Hunt,* for appellants.

*B. W. Patterson,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Appellees declared on three promissory notes secured by vendor's lien on a tract of land in Eastland County. Partial failure of consideration—the vendor never having had any title to a part of the land—was the only defense. Appellees acquired the notes in due course of trade before maturity for a valuable consideration without notice of any want of consideration. Judgment was consequently rendered in their favor for the full amount sued for, with foreclosure of the lien.

The first assignment raises a question of some difficulty, as follows: "The case was called for trial in the courthouse of Eastland County, Texas, and in the County Court room thereof by a special judge at which place and while the regular judge was holding court. The counsel for Bates and Bedford appeared before said special judge in this case and objected to said special judge proceeding to try this case while the District Court of Eastland County, Texas, was then open and conducting its business by the regular elected, acting and qualified judge. This objection was overruled, which action of the court was error." The proposition submitted is, "Two District Courts in Eastland County, Texas, could not be in session at the same time and place unless authorized by law, and since only one of such courts was so authorized, the second one can only act with unanimous consent of all parties." An Oregon case is cited in support of the proposition. Baisley v. Baisley, 13 Pac. Rep., 888, which seems to sustain it, though the question was conceded in the opinion in that case to be a difficult one. Cox v. Gress, 51 Ark., 224, is to the same effect. Other cases are cited as being in line with these in Enc. Pl. & Pr., vol. 11, p. 795, but only those from Kansas and North Carolina as accessible to us, which evidently announce correct conclusions, particularly those from Kansas, on the facts there stated. They also announce the general principle that since a judge *pro tem* is only a substitute and not a duplicate judge, it is not contemplated that both the regular and special judge should hold court at the same time in the

same county or district.   On the other hand, it is held by the Court of Appeals of Kentucky in Paducah Land, etc., Co. v. Cochran, 37 S. W. Rep., 67, that a correct judgment rendered by a special judge should not be set aside because it was rendered at a time when the regular judge was holding court.   To the same effect is Courtney v. State (Ind.), 32 N. E. Rep., 335.   Counsel for appellants states that he has been unable to find any Texas case directly in point; but it is difficult for us to see why the case of Niagara Insurance Co. v. Lee, 73 Texas, 641, is not in point, at least so far as the case at bar is concerned.   True, it was stated in the opinion that the court was not called upon by the assignment then under consideration to "express any opinion as to whether it was lawful for two District Courts to be in session in Mitchell County at the same time for all purposes," but a judgment was upheld granting a new trial which had been rendered by the regular district judge holding court in the county court room of Mitchell County while a special judge appointed by the Governor was holding the District Court of that county in the District Court room.

We have finally reached the conclusion that inasmuch as appellants had no defense whatever to the suit, and therefore could not have been prejudiced by the action of the special judge complained of, they are not entitled to have the judgment reversed merely because it was rendered at a time when the regular judge was holding court.   It is not denied that the special judge was clothed with authority to hear and determine this case when the judgment complained of was rendered but for the fact that the regular judge was then holding court in Eastland County.  That fact, however, did not deprive the special judge of the power conferred on him to try this case, but at best could only have interfered with the proper exercise of that power and did not, therefore, render the judgment void.   If apellants had been deprived of any valuable right by the irregular manner in which the special judge exercised the power conferred on him, they would doubtless have been entitled to a reversal of the judgment.   For instance, if they had been denied the right of trial by the regular jury, as they were and of which complaint is also made, that would have been ground for reversal if there had been any issue to be submitted to a jury.   But as there was none the denial of this right was of no consequence, as has been expressly decided.   (Caldwell County v. Harbert, 68 Texas, 327.)

The questions raised by other assignments are included in the disposition above made of the first and the judgment is affirmed.

*Affirmed.*