GEORGE HAMILTON v. THE STATE.

No. 3151.   Decided June 3, 1914.

Rehearing denied June 26, 1914.

1.—Rape—Continuance—Want of Diligence—Cumulative Testimony.

Where the record showed on appeal that some of the alleged absent witnesses were in attendance on court and the testimony of the absent witness was merely cumulative, and there was a want of diligence, there was no error in overruling the motion.

2.—Same—Representation by Counsel.

Where one of defendant's counsel voluntarily assumed the position of judge in the trial of a civil case in another part of the courthouse and was not present when the defendant's case was called, but was present before the testimony was adduced in the instant case, and, besides, an able attorney repre-

sented the defendant and was present during all of the proceedings, there was no error on this ground. Following Oliver v. State, 70 Texas Crim. Rep., 140.

### 3.—Same—Different Offenses—Charge of Court.

Where defendant was tried for rape committed on the 15th of August at a certain place, and it developed in the trial that he had also been tried for rape committed on May 5th of the same year at a different place, for which he had been previously acquitted, the court properly charged the jury not to consider the transaction which occurred on said 5th of May, upon which defendant had been acquitted, and this was not a charge on the weight of the evidence. Following Morton v. State, 37 Texas Crim. Rep., 131.

### 4.—Same—Other Acts of Intercourse—Former Acquittal.

Where defendant had been acquitted of one act of sexual intercourse upon the same female in the same year, but at a different time and place, and pleaded his former acquittal, and the State in the instant case proved another distinct and separate act of sexual intercourse after said time and at a different place, and the court properly submitted a charge thereon confining the jury to the offense for which defendant was being tried, and instructing them properly upon the law in the case as applied to the facts, there was no error in refusing a requested charge thereon.

### 5.—Same—Evidence—Former Acquittal.

Where, upon trial of rape, defendant pleaded former acquittal, and contended that testimony as to the transaction for which he had been acquitted of a like offense at a different time and place could not be introduced, there was no error in overruling the objection if said testimony tended to prove that defendant had raped the prosecutrix at the time and place for which he was being prosecuted.

### 6.—Same—Challenge of Juror—Prejudice.

Where a juror answered that he had a prejudice against the law of rape on a female under the age of consent, he was properly challenged by the State.

### 7.—Same—Evidence—Character of Witness.

Upon trial of rape, there was no error in sustaining an objection as to whether witness would believe the testimony of a woman who was not virtuous as readily as one who is.

### 8.—Same—Evidence—Age of Prosecutrix.

Where, upon trial of rape, upon a female under the age of consent, testimony was admitted that prosecutrix did not realize the enormity of the crime at the time she submitted to acts of intercourse, there was no reversible error.

### 9.—Same—Evidence—Contradicting Witness—Rebuttal.

Where, upon trial of rape, the defendant introduced several witnesses who testified that they saw him when he came out of a certain house and kept him in view until he had passed a certain branch, etc., there was no error to permit the State to show that it was impossible for defendant's witnesses to have seen him all the time as he went along the way he did go.

### 10.—Same—Evidence—Moral Turpitude.

Upon trial of rape, there was no error in permitting the State to show that a defendant's witness had been convicted and sentenced to the penitentiary in 1910 (trial occurring in January, 1914).

### 11.—Same—Evidence—Contradicting Witness—Impeachment.

Where defendant had laid a predicate to impeach prosecutrix as to her statements made to others as to ever having sexual intercourse with defendant, there was no error in permitting the State to introduce testimony that shortly after the alleged rape and near the scene thereof prosecutrix had stated that she had intercourse with defendant, although this was not res gestae.

**12.—Same—Plea of Former Acquittal—Charge of Court.**

As defendant was acquitted of an entirely different offense, there was no error in the court's action in taking away from the jury the consideration of defendant's plea of former acquittal.

**13.—Same—Charge of Court—Age of Prosecutrix.**

Where, upon trial of rape upon a female under the age of consent, the court properly submitted the question of prosecutrix's age, there was no error, although there was a conflict in the testimony.

Appeal from the District Court of Eastland. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of rape upon female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. R. Stubblefield* and *J. H. Calhoun,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of rape on a girl under fifteen years of age, and prosecutes an appeal to this court.

Appellant moved to continue this case on account of the absence of three witnesses. Two of them, however, were in attendance on court during the trial, and one of them testified, appellant deciding not to use the other one. The attendance of the third witness, Mrs. Lizzie King, was not secured; however, her testimony would be but cumulative of that of a number of witnesses who testified on the trial, and this not being the first trial of the case, it would not be ground for reversal of the judgment. In addition to this, the process shows to have been issued and served before the first trial was had; she did not attend that trial, and no process was subsequently issued to secure her attendance at this second trial, consequently the diligence used was insufficient.

It appears from the record that this case was set for trial on a given date. That on the day prior thereto one of the attorneys in the case, Judge Calhoun, was agreed on as a special judge in a civil case in which Judge Blanton, the duly elected judge of the district, on account of relationship, was disqualified to try. While Judge Calhoun was engaged in trying the civil case in the County Court room, Judge Blanton called this case for trial in the District Court. Appellant, through his attorney, objected to proceeding with the trial; that there could not be two different trials proceeding before two different district judges in Eastland County. That the law had not provided for two District Courts in Eastland County. Judge Calhoun was not elected special judge, was not appointed by the Governor, but voluntarily assumed the position of judge in a certain case, knowing that this case was set for the next day. The fact that at the request and agreement of the parties he was presiding in a civil case in the County Court room would not prevent Judge Blanton, the regular elected judge of the District Court, from continuing his court and trying cases. Oliver v. State, 70 Texas Crim. Rep.,

140, 159 S. W. Rep., 235, and cases there cited. The facts in this case show that before this case was called all evidence in the civil case had been received, and all that remained to be done was to charge the jury and counsel to argue that case, and before any testimony was adduced in this case Judge Calhoun had completed the trial of the civil case, and was in attendance on this trial. Mr. Stubblefield, an able attorney, was present in Judge Blanton's court all the time protecting his client's interest, and the trial judge did not abuse his discretion in compelling Mr. Stubblefield to proceed with this case as far as he had gone before Judge Calhoun was able to be present and assist him in the trial.

It appears that appellant was indicted for having sexual intercourse with the same girl on May 5th, this indictment alleging the offense to have been committed on August 15th of the same year. The transactions are distinguished in the record by referring to the offense alleged on May 5th as the "cornfield" transaction, and the offense on August 15th as the offense in the branch, the whole testimony showing they were two separate and distinct offenses. Appellant was acquitted in the District Court of Callahan County of the offense alleged to have taken place on May 5th, and when this case was called he filed a plea of former acquittal. This rendered it necessary and obligatory on the part of the State to prove that it was a separate and distinct offense than that for which he had been tried in Callahan County, and, of course, the rule that prohibits the introduction as to more than one offense admissible. The girl testified that appellant had had sexual intercourse with her on three different occasions, once at her home in the absence of her mother, once in the cornfield, and once in the branch near the peach orchard. When the girl had thus testified the district attorney selected the offense that she testified took place in the branch near the peach orchard on August 15th, and directed all his testimony to prove that offense, and introduced no proof that appellant had had sexual intercourse with the girl on either of the other occasions. The court also instructed the jury at the time of the introduction of this testimony: "Now, gentlemen of the jury, in so far as this alleged statement of this witness, with reference to an alleged act of intercourse on the part of the defendant with her, that is alleged to have taken place in the cornfield, you will not consider that for any purpose whatever against the defendant. He has been tried in Callahan County in the District Court there for that charge, for an alleged act of intercourse in the cornfield on his place and acquitted of that charge, and he is on trial now for an entirely different charge and you will not consider that against him for any purpose whatever, because he has been acquitted." Appellant complains that this instruction was a comment upon the weight of the testimony. If so, it was a matter upon which he ought not to be heard to complain, as it directs the jury they can not consider such testimony against appellant for any purpose, and further tells them he had been acquitted of that offense. If appellant had introduced any testimony that the offense as of date May 5th and that of August 15th was one and the same offense, he might have

some complaint, but he offered no such testimony, and the testimony before us shows that they were two separate and distinct transactions, having no connection with each other. And as he offered no testimony tending to show in the least that they were one and the same transaction, the court did not err in failing to submit his plea of former acquittal to the jury in his charge for a finding. There was no testimony upon which to base such a charge, as the evidence and all the evidence showed two separate and distinct transactions, and the court properly informed the jury: "You are instructed as to an alleged act of intercourse alleged by Julia Pace to have occurred in defendant's cornfield, that the defendant had already been tried at Baird, Texas, and acquitted of that charge, and that you can not consider against the defendant for any purpose whatever any evidence of said alleged act of intercourse in said cornfield." (Morton v. State, 37 Texas Crim. Rep., 131.)

Appellant by his plea of former acquittal rendering it incumbent upon the State to prove a separate offense from that for which he had been tried, there was no error in the action of the court admitting evidence of other acts of intercourse than one, and especially is this true when he instructed the jury as above, and then instructed them: "The State having elected to rely for a conviction upon the transaction alleged to have occurred in a branch west of Julia Pace's home, before you would be authorized in finding the defendant guilty of rape, you must first believe from the evidence beyond a reasonable doubt that the defendant had carnal intercourse with the prosecutrix, Julia Pace, in a branch west of Julia Pace's home, and that at the time of having such carnal intercourse, if any, the said Julia Pace was under the age of fifteen years, and that she was not then the wife of the defendant, and that the defendant penetrated the private female organ of said Julia Pace, with his private male organ." And having given these instructions to the jury, it was not necessary to give the special charge requested in regard to this matter.

Appellant objected to the introduction of any testimony adduced at the trial in Callahan County being introduced on this trial, as he had been acquitted of that offense. If the testimony tended to prove that appellant had raped the girl on August 15th, there was no error in admitting it, and only such testimony as tended to prove the offense of rape on August 15th in the branch was admitted.

The district attorney asked the veniremen: "Have you any prejudice against the law which makes it an offense for a man to have intercourse with a girl under the age of fifteen, even though she consents," and upon a juryman answering that he had, the court sustained a challenge as to such juryman. In this there was no error.

Appellant desired to ask each venireman, "In passing on the question as to whether a defendant was guilty or innocent, would you believe the testimony of a woman not virtuous as readily as you would one who is virtuous?" The court refused to permit him to propound this question. As the jury by the charge of the court was required to find appellant

guilty beyond a reasonable doubt, regardless of the character of the witnesses introduced, there was no error in the action of the court.

Appellant also complains that Julia Pace was permitted to testify that she did not realize the enormity of the crime at the time she submitted to the acts of intercourse. As she was a girl under the age of consent, and the law recognizing that she had not at that age reached the years of discretion, such testimony would not present reversible error.

Julia Pace testified that the act of intercourse took place in a branch near her mother's home, and just beyond the peach orchard. It appears by all the testimony both for the State and the defendant, that on August 15th, that appellant got out of a wagon and went to the peach orchard where Julia Pace and other members of the family were eating peaches. That they left the orchard and went to the home of Mrs. Pace. The State's contention is that appellant asked for a drink of water, when Julia went out doors to get a bucket of water, that while she was out there appellant left the house, and he and Julia went to the branch and had the act of intercourse. To meet this the defendant introduced several witnesses who testified they saw appellant when he came out of the house and kept him in view until he had passed the branch and had gone to his field. To meet this testimony, the State introduced a number of witnesses who testified that they had been shown the place in the branch where Julia claimed the act of intercourse took place; that they had gone to this place and stood there in the branch, and one could not see appellant as he would cross the branch at this place from the various points where appellant's witnesses had placed themselves. One witness for the State testified that, "You could place a wagon and team in this branch at this point," and it could not be seen from the respective points where appellant's witnesses had placed themselves. As it was necessary to cross this branch in going from the home of Mrs. Pace to appellant's field, the way all the witnesses say appellant traveled, there was no error in permitting these witnesses to testify that they had gone to this point, and from it it was impossible for appellant's witnesses to have seen him all the time as he went along the way he did go. As to the weight of the testimony, as to whether the State's witnesses or the appellant's witnesses were telling the truth, this was a question for the jury. Certainly it was permissible for the State to show if it could do so, that appellant's witnesses could not see him as he went along this way.

It was permissible for the State to prove that Bud Rice was convicted and sentenced to the penitentiary in 1910. This would go to his credit, and the conviction was not too remote in time.

The only other question raised by the bills of exception is that the court permitted Emma Pace to testify that she saw her sister as she came up out of the branch on this occasion, and that Julia admitted to her she had just had intercourse with appellant. It is somewhat in doubt as to whether the record discloses that Julia was in that state of mind to render this res gestae of the transaction. It is true the remark took

place but a few moments after the act is alleged to have taken place, but this is not the only essential in res gestae,—it must be the event speaking,—not one speaking of the event, and this girl does not appear to have been in a state of excitement, or in any other condition of mind, for it to be a spontaneous utterance, but will bear the marks of calmness and deliberation. However, the appellant in his cross-examination of Julia laid predicates to impeach her as to her statements made to others as to ever having had intercourse with appellant, and prove contradictory statements, and otherwise impair her credit as a witness, and under such circumstances we do not think the court erred in admitting this testimony.

The first exception to the charge of the court is that the court erred in taking away from the jury the consideration of defendant's plea of former acquittal. As hereinbefore shown, there was no error in the court so doing under the facts in this case.

The next is that the charge is incomplete in that it was incumbent on the court to group the facts tending to show that she was under fifteen years of age. While the word "under" is used in the objection, we presume appellant intended to use the word "over," for the court instructed the jury they must find beyond a reasonable doubt that she was under fifteen years of age before they could convict; and while the only evidence offered by appellant tending to show her age was not what she and her mother testified to was her height and weight, yet out of the abundance of precaution the court did instruct the jury, "If you have a reasonable doubt that the said Julia Pace is under the age of fifteen years, you will acquit the defendant."

The only other complaint is that the court erred in refusing to instruct the jury not to consider any of the testimony introduced against appellant on his trial in Callahan County. As hereinbefore stated, if the testimony tended to show that appellant was guilty of this offense of rape on August 15th, in the branch near the home, the testimony was admissible, and the court did not err in refusing to instruct the jury not to consider it.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 26, 1914.—Reporter.]