## DODRILL v. JENKINS et ux.
### · No. 2552. ·

Court of Civil Appeals of Texas. El Paso. June 25, 1931.

Chas. Owen, of El Paso, for appellant.

Jones, Goldstein, Hardie & Grambling and Ben R. Howell, all of El Paso, for appellees.

WALTHALL, J.

Mrs. J. F. Jenkins was driving her automobile westerly on McKinley avenue, and W. B. Dodrill was driving his automobile southerly on Byron street, in the city of El Paso, when a collision occurred between the two cars at the intersection of said streets.

Mrs. Jenkins, joined by her husband, brought this suit in the justice of the peace court against Dodrill for the damage to her car, alleging negligence, and placing the damages at $125 as the proximate result of the negligence assigned. Dodrill answered de-

nying negligence on his part, and filed a cross-action against Mrs. Jenkins and her husband for damages to his automobile in the sum of $120, alleging negligence on her part, and the damages sustained as the proximate result of the negligence assigned. The case was tried, and judgment rendered in the justice court, from which an appeal was duly prosecuted to the county court at law.

The case was tried with a jury, in the county court at law, and all issues of fact were found in appellee's favor, and judgment entered on the verdict. The case is here on appeal.

### Opinion.

Appellant presents one question only. Judge J. M. Deaver is the regular judge of the county court at law of El Paso county. At the time this case was tried, Hon. Del W. Harrington was duly selected and qualified and serving as special judge of the county court at law in a case he was elected to try, and was then in the trial of said other case in said court.

Appellant submits that the regular judge of the county court at law, having certified his disqualification in a certain case, and another having been duly selected and qualified as special judge, and that while the special judge is actually serving as such in the trial of the case, the regular judge is without authority to call and try this case at the same time the special judge is trying the case he qualified to try; that is, both judges cannot function as such regular and special judge in the trial of cases at the same time.

Without quoting from or discussing the cases, we think the following rule the question against appellant's contention under the facts presented: Niagara Ins. Co. v. Lee, 73 Tex. 641, 11 S. W. 1024; Bedford et al. v. Stone, 43 Tex. Civ. App. 200, 95 S. W. 1086; Daniel v. Bridges, 73 Tex. 150, 11 S. W. 121; Oliver v. State, 70 Tex. Cr. R. 140, 159 S. W. 235, at page 239, the court reviews the Daniel v. Bridges Case, supra, holding that the two judges could hold court at the same time. Hamilton v. State, 74 Tex. Cr. R. 219, 168 S. W. 536, 537, holds that while a special judge was hearing the case he was elected to try the regular judge could continue to try other cases.

No reversible errors appearing, the case is affirmed.