## DINKLA *v.* MILES.

[No. 25,996.   Filed January 24, 1934.]

*T. Ernest Maholm,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for appellee.

MYERS, J.—Appellant petitioned the Madison Circuit Court for a writ of *habeas corpus,* stating, in substance, that he is unlawfulling restrained of his liberty by one A. F. Miles as superintendent of the Indiana Reformatory; that the cause of his imprisonment and restraint, as he has reason to believe, is by virtue of a purported "void warrant of committment issued" by the Hendricks Circuit Court upon a verdict of a jury and judgment of the court that he was guilty of bank robbery; that the term of his imprisonment, twelve years, has not expired; that the reason for his belief of unlawful restraint is that the Hon. Zimri Dugan was the sole judge of the Hendricks Circuit Court from whom appellant obtained a change of venue, and that the Hon. Horace Hanna, a practicing attorney of the Hendricks County Bar was appointed special judge before whom, and a jury selected from persons called by a special venire to act as jurors, he was tried for the alleged offense in a room adjoining the regular court room in the Hendricks county courthouse; that during the entire time of the trial beginning November 18th, at the time the jury returned its verdict finding him guilty, November 19th, and at the time, November 20th, the judgment and sentence was pronounced by the special judge, the Hendricks Circuit Court was in session with the duly elected judge of that court on the bench, the regular elected and appointed officers and

bailiffs in attendance upon a jury trial continuously in progress in the room of the courthouse set apart for trials. Appellant refused to make an opening statement to the jury and offered no evidence in his defense.

The writ was issued and on motion of the attorney-general it was quashed. The petitioner refused to plead further, and judgment followed, remanding petitioner to the custody of the defendant. An appeal to this court was perfected, and the sustaining of appellee's motion to quash the writ is here assigned as error, for the alleged reason, as a part of the assignment, that the action of the court contravenes the due process clause of our state and federal Constitutions.

Appellant's various contentions in the court below and here may be combined into the proposition that no more than one Hendricks Circuit Court with one judge presiding may be in session at the same time, and therefore the judgment and sentence of appellant was not rendered by any court known to the law, and hence he should be discharged. The motion to quash the writ tested the sufficiency of the complaint whereon the writ was issued.

The special judge appears to have been duly appointed, qualified, and to have assumed jurisdiction of the case in the Hendricks Circuit Court. As to that particular case he had all the powers of the regular judge. *Shugart* v. *Miles* (1890), 125 Ind. 445, 449, 25 N. E. 551.

The jurisdiction of the Hendricks Circuit Court or of the special judge over the subject matter—bank robbery—and of the person of appellant is not questioned, nor does appellant contend or make it appear that the judgment imprisoning him, on its face, is void and not merely erroneous. If it is erroneous, the law in this jurisdiction is well settled that "the writ of *habeas corpus* can not be used as a

writ for the correction of mere errors in the judgment."
*Willis* v. *Bayles* (1885), 105 Ind. 363, 368, 5 N. E. 8;
*Ryan* v. *Rhodes* (1906), 167 Ind. 121, 76 N. E. 249, 78
N. E. 330.

Since the circumstances upon which appellant relies
to support the writ do not appear on the face of the
judgment or even in the proceedings resulting in
the judgment, such judgment may be erroneous
but it is not void and therefore not subject to a
collateral attack, which is the remedy chosen by appel-
lant in this case. *Hunnicutt* v. *Frauhiger* (1927), 199
Ind. 501, 158 N. E. 572.

The complaint in the instant case alleges facts dehors
the record, which would be proper allegations were this
a direct attack on the judgment of the Hendricks Cir-
cuit Court in an action brought in that court. This
court has a number of times in the past and we again
call attention to the statute, §3-1918, Burns 1933, §1033,
Baldwin's 1934, Acts 1881 R. S. 240, sec. 790, which
provides that: "No court or judge shall inquire into the
legality of any judgment or process whereby the party
is in custody, or discharge him when the term of com-
mitment has not expired, in either of the cases follow-
ing: . . . Second. Upon any process issued on any
final judgment of a court of competent jurisdiction."
Hence, the only inquiry permissible in this case is: Was
the petitioner in custody upon such process? The facts
stated by appellant in his complaint answer this ques-
tion in the affirmative. Since we have concluded that the
process issued by the Hendricks Circuit Court whereby
appellant was incarcerated was not void by reason of
any matter apparent upon the face of the record, his
remedy in case of error in the proceedings and rulings
of the court is by appeal and not by a collateral attack
on such judgment. *Gillespie* v. *Rump* (1904), 163 Ind.
457, 463, 72 N. E. 138; *Ryan* v. *Rhodes, supra.*

The Madison Circuit Court, it is true, has jurisdiction to issue writs of habeas corpus, and it sufficiently appears from the complaint herein that it had jurisdiction of the person of appellant. Notwithstanding these jurisdictional facts, its power to grant the relief prayed depended upon the showing of a want of authority by which appellee restrained appellant of his liberty. Instead of a showing of such want of authority, his complaint is to the contrary, in that it appears that the alleged restraint is by virtue of an apparently valid judgment. Moreover, we judicially know that the Madison Circuit Court and the Hendricks Circuit Court are courts of coordinate jurisdiction, and that neither of these courts has appellate power to review or correct the errors of the other. *Goodman* v. *Daly* (1929), 201 Ind. 332, 335, 165 N. E. 906; *Shideler* v. *Vrljich* (1924), 195 Ind. 563, 145 N. E. 881; *Gillie* v. *Fleming* (1921), 191 Ind. 444, 133 N. E. 737; *Baker* v. *Krietenstein* (1916), 185 Ind. 693, 114 N. E. 445.

But it may be said, as appellant here contends, that the extraneous facts alleged in the complaint in the Madison Circuit Court show that the judgment and process issued by the Hendricks Circuit Court was void. A similar question was before this court in *Scott* v. *Runner, Assignee* (1896), 146 Ind. 12, 44 N. E. 755, wherein, quoting from *Plunkett* v. *Black* (1888), 117 Ind. 14, 19 N. E. 537, it is said: "The rule is settled in this State, that one court cannot control the execution of the orders and process of another court of equal jurisdiction," and that the court rendering the judgment or issuing the process (p. 14) "has ample power to enjoin its own process without coming into conflict with the process of another court of equal power, and the presumption is that it will correctly administer the law if applied to, and if it does not, an appeal to a

higher court will correct its errors and thus avoid all conflicts between courts of co-ordinate power." See also, *Board* v. *Summy* (1923), 193 Ind. 456, 462, 140 N. E. 913; *Baker* v. *Krietenstein, supra,*

Had appellant appealed from the judgment of the Hendricks Circuit Court, and by bill of exceptions brought to our attention the facts alleged in the complaint in the instant case, we would have for decision an entirely different question. We express no opinion on that question, but for the benefit of any one interested in it, see the case of *Reed* v. *State* (1896), 147 Ind. 41, 46 N. E. 135, and especially the language of the court on page 45, where it is said: "It many times happens that from special emergency, steps are taken in a cause before a special judge, as in this case, while another cause is on trial, and rendering it necessary to occupy a room in the court house, other than the court room. If in doing so no legal or constitutional right of the accused is infringed, and it is manifest that no substantial injury has been done, error is not available if it exists." See also *Bedford and Bates* v. *Stone* (1906), 43 Tex. Civ. App. 200, 95 S. W. 1086; *Batten* v. *State* (1881), 80 Ind. 394.

On the question of one court with two judges sitting at the same time, see *Baisley* v. *Baisley* (1887), 15 Ore. 183, 13 Pac. 888; *Cox* v. *The State* (1883), 30 Kan. 202, 2 Pac. 155; *Red Bud Realty Co.* v. *South* (1920), 145 Ark. 604, 224 S. W. 964; *Butler* v. *The State* (1900), 112 Ga. 76, 37 S. E. 119, 37 S. E. 124.

The writ in the instant case was properly quashed.

Judgment affirmed.